[No. 2028. Decided June 9, 1896.]

## N. P. LARSON, *Respondent*, v. WILLIAM WINDER, *Defendant*, EUGENE FRANCE *et al.*, *Appellants*.

PLEADING — SHAM AND FRIVOLOUS DENIALS — ACTION ON BOND — SUFFICIENCY OF ALLEGATION OF BREACH — TAXATION OF ATTORNEY'S FEES AS COSTS.

A general denial of the material allegations of a complaint cannot be stricken out on the ground that it is sham or frivolous pleading.

In an action upon a forthcoming bond which provided that it should not become effective unless the superior court gave possession to the principal of the property then in the hands of a receiver, the complaint is demurrable as not stating a cause of action when it fails to allege that the property had been delivered to the principal, although the complaint may recite an order of the court stating that the principal was in possession of the property.

In an action at law the court can impose no costs by way of attorney's fee excepting such as are expressly provided by statute.

Appeal from Superior Court, Chehalis County.— Hon. MASON IRWIN, Judge. Reversed.

*Hogan & McGerry*, for appellants.

*J. C. Cross*, for respondents.

The opinion of the court was delivered by

HOYT, C. J.— By this appeal appellants seek a reversal of a judgment rendered against them as sureties in a bond given by the defendant in a suit pending in the superior court of Chehalis county, for the purpose, as it is alleged, of obtaining possession of the property owned by himself and the plaintiff in the action, as partners. Said bond was conditioned for the payment to the plaintiff, or to such other person as the court might order or its judgment direct, of the value of all of the assets of the partnership which came into his hands, and there was a proviso attached thereto that it was executed upon the express condition that it should not become effective unless the superior court gave to the defendant in the pending action, the 'principal in the bond, the possession of the partnership property then in the hands of the receiver.

From the allegations of the complaint it was made to appear that final decree had been rendered in the action between the plaintiff and the defendant, who was the principal in the bond, and that such defendant had been adjudged liable to the plaintiff for a large sum of money; that he had failed to satisfy the decree entered in that action, or to account for the partnership property which had come into his possession; by reason of which it was claimed that the conditions of the bond were broken so that the plaintiff could maintain an action thereon against the principal and his sureties. The principal named in the bond made default, but the sureties appeared and filed a demurrer to the complaint, which was overruled. Thereupon they answered, admitting certain allegations of the complaint and denying others, and set up certain facts by way of affirmative defense. Plaintiff moved to

strike certain allegations contained in this answer,
including the denials, for the reason that they were
sham and frivolous, and for judgment as prayed for
in the complaint, because of the insufficiency of the
matters alleged in the answer, after such allegations
had been stricken. This motion was granted by the
court, and upon its action in so doing is founded the
principal contention of the appellants for the reversal
of the judgment.

The courts without the aid of any statute have long
exercised the right to strike sham and frivolous
answers, and this right is expressly given by our stat-
ute; but whether under such practice or the provisions
of statutes like ours the right exists to strike denials
is open to grave question. If it be held that the courts
have the right to strike, as sham and frivolous, denials
in the answer of material allegations of the complaint,
the result will be that they must often be called upon
to decide whether such denials are warranted by the
facts, preliminary to the trial of the cause by the court
or jury, and this question of fact will generally have
to be determined upon proof pro and con by way of
affidavits and not by examination of witnesses before
the court. The result of this inquiry, if it have any
result at all, will be for the court to determine upon this
unsatisfactory proof the truth or falsity of the denials,
which is the very question which must be determined
by the court or jury upon the trial of the cause; and
since, under all of the authorities, the court will never
strike such allegations unless upon the clearest proof
of their falsity, it will follow that in very few instances
will any good purpose be subserved by this prelimi-
nary inquiry as to the good faith of the denials in the
answer. It would therefore seem to accord with the
better practice to hold that a denial in an answer, if

sufficient in form, entitles the defendant interposing it to a determination as to its truth or falsity by the jury or the court, after a regular trial of the issue thus made, and such we believe to be the established right of the defendant as recognized by the great weight of authority.

In all of the cases it is conceded that under the common law system of pleading the plea of the general issue could not be stricken as sham or frivolous, and it would seem that a general denial of an allegation under the code performs substantially the same function as the plea of the general issue under the common law system of pleading. It would be of no use to array the authorities pro and con upon this question as to whether or not the denials in an answer may be stricken as sham and frivolous. It is sufficient to say that by far the greater number have held that they cannot be stricken and that nearly all of the recent cases are to that effect. The respondent seems to principally rely upon a New York case, *People v. McCumber*, 18 N. Y. 315, reported in 72 Am. Dec. 515, and the cases therein cited; but the fact that two of the judges of the court dissented from the opinion of that case, and the further fact that in several more recent cases decided by the same court a contrary doctrine has been announced in opinions concurred in by the entire court, are sufficient to show that the contention of the respondent, that the right to strike such allegations from the answer is established by authority, stands upon a very slight foundation. The cases which might be cited, holding that denials cannot be stricken, are so numerous that an attempt to cite them would be out of place. In our opinion the court committed reversible error when it struck the denials contained in appellant's answer as sham and frivolous.

There was no express allegation in the complaint that the bond had been made effective by a delivery of the partnership property to the principal named therein, and as this was the consideration for the execution of the bond, it is claimed that the complaint without such allegation failed to state a cause of action. That it was necessary that the fact of such delivery of the property to the principal in the bond should appear in the complaint is conceded by the respondent, but he claims that the recital in the complaint of the judgment or order made by the court, in which it was stated that the defendant was in possession of all the assets of the partnership, was a sufficient allegation of the fact that they had been delivered to him by the receiver. But, in our opinion, the statement made to appear by the recitals in this judgment or order was not of the same force as would have been a direct allegation to the effect that by reason of the execution of the bond the defendant, the principal therein named, was put in possession of the partnership property; and since it is conceded that such an allegation in substance must have been contained in the complaint in order that it state a cause of action, it follows that the demurrer of the defendants should have been sustained.

It is claimed that the court committed error in several respects in the taxation of costs. The questions arising upon most of these claims will not arise upon a retrial, but one of them may. The court allowed plaintiff, as a part of his costs, $100 as attorney's fee, for the prosecution of the action. This was beyond the power of the court. In an action at law the court can impose no costs by way of attorney's fee excepting such as are expressly provided by statute.

The judgment will be reversed and the cause re-

manded for further proceedings in accordance with this opinion.

ANDERS, SCOTT and DUNBAR, JJ., concur.

GORDON, J., not sitting.