[No. 3810.   Decided September 14, 1901.]

ROSE M. TRUMBLE, *Respondent,* v. JAMES TRUMBLE, *Appellant.*

CONTINUING ALIMONY — REDUCTION TO GROSS SUM — FORECLOSURE OF LIEN.

A decree for continuing monthly alimony awarded the wife for the support of minor children upon granting her a divorce, which made such award a lien upon certain described premises, may be foreclosed upon the failure of the husband to make any of such payments, the value of such continuing alimony reduced to a gross sum and the premises sold to satisfy the lien.

SAME — ATTORNEY FEES.

Where there was no provision in a decree awarding divorce and alimony authorizing the enforcement of a lien for attorney fees upon foreclosure of the lien for alimony, plaintiff in such a case would be entitled only to the statutory attorney fee authorized by Bal. Code, § 5165, which allows to the prevailing ·party certain sums by way of indemnity, which are termed costs.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge.   Modified and affirmed.

*Myers & Warren,* for appellant.

*Martin & Grant,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—On the 17th day of January, 1882, appellant and respondent were married, and thereafter were

husband and wife until the 9th day of April, 1900, when, upon the suit of respondent, they were duly divorced by a decree of the superior court of Lincoln county. Five children were born of the marriage, their ages being, respectively, seventeen, fifteen, fourteen, twelve, and four years. By the terms of the decree the custody of said minor children, excepting the eldest, was awarded to respondent, and it was also provided that appellant should pay to respondent, for the care and support of said minor children, the sum of $150 per year, payable monthly in advance, beginning on the 1st day of April, 1900. To secure the payment of said sum a lien was declared against certain real estate, which was set apart to the appellant, with the provision that upon the failure of appellant to pay the sum ordered the lien should be foreclosed, and said real estate sold as property is sold under foreclosure of mortgage; the proceeds to be applied to the payment of the amount then due and adjudged to be due in the action to foreclose the lien. The time for two monthly payments having expired by the terms of the decree, and the appellant having failed to make such payments, the respondent, on the 3d day of May, 1900, commenced this action to foreclose said lien. It is alleged in the complaint that appellant has refused to make any payments, as provided in said decree; that the value of the lien for the continuation of ten years, at which time the youngest of said children will be fourteen years of age, is $1,500; and the complaint prays that the amount of said lien be reduced to the gross sum of $1,500, and that the land be sold under the order of the court to satisfy the lien. A demand is also made for $50 for court costs and for the further sum of $150 as attorney's fees. Upon the trial of the case the court found the facts to be as above set forth, and entered a decree estab-

lishing a lien against the land for $1,500, together with the further sum of $100 as attorney's fees, and the taxable costs. From said decree this appeal is prosecuted.

It is urged by appellant that the court erred in granting judgment for more than was actually due under the decree of divorce, and also in consolidating the lien and declaring the value of the same to be $1,500. This case, in all essential particulars, seems to be similar to that of *King v. Miller,* 10 Wash. 274 (38 Pac. 1020). Counsel for appellant concede that their contention conflicts with that case, but they urge that the former case should be overruled. We are satisfied with the conclusion reached in that case, and we see no good reason, under the facts as found in this case, why the rule there announced should not be applied here. The amount allowed in the decree of divorce was certainly a reasonable sum, as far as the appellant was concerned. It is a matter of common knowledge that with $150 a year a mother cannot fully support four minor children, the youngest of whom is only four years of age. Since they were the children of appellant and the natural and legal duty was cast upon him to contribute to their support, we think he cannot complain that the court undertook to see that the small sum allowed was also made available to the mother for the benefit of the children. But he complains that the lien was enforced for more than the two monthly payments then unpaid. In *King v. Miller, supra,* the husband honored the decree of the court, and made the payments of $50 per month for more than three years, and then, after two months' delinquency, the court consolidated the amount, and enforced the lien for the whole, having regard to the remaining period of minority. In this case the court finds that appellant has not even attempted to honor the decree, but

"has refused to pay any of the payments in said decree provided, and has absolutely refused to comply with any of the terms and conditions of said order, and has abandoned and forsaken the premises above described, and has refused to pay the taxes thereon for the purpose of depreciating the value thereof." Under such conditions, it became the manifest duty of the court to see that a fund was made quickly available for the support of the children. We can conceive of no more practicable way to do this than by consolidating the annual amount upon a reasonable calculation as to its continuing value, declaring it to be a lien upon the land and ordering it sold for the satisfaction of the lien. In this particular the judgment must therefore be affirmed.

It is next assigned as error that the court allowed respondent a counsel fee of $100. The original decree provided that the "lien shall be foreclosed and the property sold as property is sold under foreclosure of mortgage." It does not provide that an attorney's fee shall be recoverable as a part of the lien, and there is no agreement of the parties as to attorney's fees. Section 5165, Bal. Code, provides that the compensation of attorneys shall be left to the agreement of the parties, but there shall be allowed to the prevailing party certain sums by way of indemnity, which are termed "costs." Section 5172 of the same volume designates what those costs shall be. Section 5165 allows parties to make their own agreements as to attorney's fees, but, in the absence of any agreement, § 5172 regulates the matter. *Potwin v. Blasher*, 9 Wash. 460 (37 Pac. 710). Since in this case there was neither an agreement concerning attorney's fees, nor a provision in the divorce decree authorizing the enforcement of a lien therefor, we think it was error to include in the decree herein

an amount for attorney's fees. This is a suit to foreclose the lien for what the divorce decree created, and no more. It appears that counsel fees were allowed respondent in her divorce suit, as provided by our statute authorizing divorce proceedings, but there is no statutory authority for such an allowance in this case. It is insisted that the case of *Kimble v. Kimble,* 17 Wash. 75 (49 Pac. 216), is authority for the allowance of counsel fees in this case. That was a case where the husband had abandoned his wife, and after the lapse of thirty years the wife instituted an action for maintenance independent of an action for divorce. This court held that she could maintain the action, and also sustained an allowance for counsel fees made by the court below. In that case the relationship of husband and wife existed, and doubtless the court reasoned that the action was analogous to the application for alimony in a divorce proceeding, and that it was both the legal and moral duty of the husband to pay such expenses as were necessarily incurred by the wife in her effort to require her husband to contribute to her support. The conditions are different in this case. The relationship of husband and wife no longer existed. The legal relations between the parties were the same as they sustained toward other persons, and respondent, although once the wife of appellant, must be held to have no greater rights in this suit than would be accorded to any other person seeking to enforce a lien of this character. She is entitled to statutory attorney's fees, taxable as costs, and no more.

The judgment is therefore in all particulars affirmed, except as to the allowance of $100 as attorney's fees, and the cause is remanded, with instructions to the lower court to modify the decree in accordance with this opinion; the costs of the appeal to be taxed in favor of appellant.

Reavis, C. J., and Fullerton, Dunbar, Anders, Mount and White, JJ., concur.