[No. 4773.    Decided March 23, 1904.]

## A. W. CRISWELL, *Appellant*, v. BOARD OF DIRECTORS OF EVERETT SCHOOL DISTRICT No. 24 *et al., Respondents and Appellants.*[1]

SCHOOLS AND SCHOOL DISTRICTS—CONSTRUCTION OF BUILDING—CONTRACTS—ADVERTISING FOR BIDS—CHANGES IN CONTRACT WITHOUT READVERTISEMENT—DISCRETION OF BOARD. After a school board has duly advertised for bids for the erection of a school house, under Bal. Code, § 2366, it may make alterations in the specifications reducing the cost of the building, making proper deductions on account of work eliminated and additions for extras, and thereupon enter into a contract with the lowest bidder, without readvertisement, so long as the general plan of the building remains substantially the same, and the parties act in good faith; and such contract is not *ultra vires*, since said statute does not require more than to invite competitive bidding, and the terms and conditions of the contract are left entirely to the discretion of the board.

SAME. When the lowest bid for the construction of a $32,900 school house was decided by the district to be too expensive, and changes were made to conform the basement to a new site, the name of the building changed, and the size slightly reduced, and ornamental features eliminated, reducing the cost $6,230, as estimated by the architects, a contract with the lowest bidder for the erection of the building for $26,670 upon the new site without readvertising for bids is not *ultra vires*, as there is no substantial deviation from the original plans.

SAME—FRAUD OF BUILDER AND ARCHITECTS—EVIDENCE OF—SUFFICIENCY. A finding of the trial court that a contractor and architect were guilty of fraud in suggesting changes in the specifications for a school building is not warranted where the specifications in the main were identical, and a committee of the board

[1]Reported in 75 Pac. 984.

were unable to find any material changes, except such as were agreed to and deduction made therefor.

SAME—FRAUD OF CONTRACTOR IN SECURING CONTRACT—ACCEPTANCE BY SCHOOL BOARD AFTER UNAUTHORIZED DEVIATIONS—RECOVERY ON QUANTUM MERUIT. Where the school district accepts a school building and uses it, after the contractor made many unauthorized deviations and omissions in the work called for by the contract, the district would be liable on a *quantum meruit* for the reasonable value of the building, and the fact that the contractor was guilty of fraud in securing the contract would be immaterial.

APPEAL—REVIEW—FINDINGS ON CONFLICTING EVIDENCE. Findings as to the reasonable value of a school building will not be disturbed on conflicting evidence.

PARTIES—ACTION BY TAXPAYER TO RESTRAIN PAYMENT OF WARRANTS—HOLDERS OF WARRANTS NOT JOINED—WAIVER BY FAILING TO RAISE POINT BY ANSWER OR DEMURRER. In an action brought by a taxpayer against the officers of a school district and a contractor to restrain the payment of the warrants issued in payment of the contract price of a school building, in which the complaint alleges and the answer admits that the warrants were issued to the contractor, a defect of parties by reason of the fact that the contractor had sold the warrants before the action was commenced is waived by failing to raise the point by demurrer or answer, under Bal. Code §§ 4907, 4909.

COSTS—ATTORNEY'S FEES—LIMITED BY STATUTE TO TEN DOLLARS. In an action by a resident taxpayer to restrain the payment of warrants, it is error to allow an attorney's fee of $500 upon giving judgment for the plaintiff, Bal. Code, § 5172, providing for but $10 therefor to be taxed as costs.

Cross appeals from a judgment of the superior court for Snohomish county, Denney, J., entered November 19, 1902, upon the findings and decision of the court, after a trial on the merits before the court without a jury, in an action to restrain the payment of school warrants. Affirmed, except as to the allowance for attorney's fees.

*McMurchie & Bundy,* for appellant, contended, *inter alia,* that the contract is not the result of competition, as contemplated by the statute, in case substantial changes are permitted. *Dickinson v. Poughkeepsie,* 75 N. Y. 65;

*Nash v. St. Paul,* 11 Minn. 174; *Reichard v. Warren County,* 31 Iowa, 381; *McBrian v. Grand Rapids,* 56 Mich. 95, 22 N. W. 206; *People v. Board,* 43 N. Y. 227; *Texas Transp. Co. v. Boyd,* 67 Tex. 153, 2 S. W. 364; *McGreevey v. Board of Education,* 20 Ohio Cir. Ct. 114; *Bonesteel v. New York,* 22 N. Y. 162. The occupation of the building does not create any liability on the part of the district. *McCloud v. Columbus,* 54 Ohio St. 439, 44 N. E. 95; *McDonald v. Mayor,* 68 N. Y. 23, 96 Am. St. 635; *Addis v. Pittsburg,* 85 Pa. St. 379; *Goose River Bank v. Willow Lake School Tp.,* 1 N. D. 26, 44 N. W. 1002, 26 Am. St. 605; *Reichard v. Warren County, supra; Turney v. Bridgeport,* 55 Conn. 412, 12 Atl. 520; *Parr v. Greenbush,* 72 N. Y. 463; *McBrian v. Grand Rapids, supra; Newbery v. Fox,* 37 Minn. 141, 33 N. W. 333, 5 Am. St. 830; *Trustees v. Hohn,* 82 Ky. 1; *Burrill v. Boston,* Fed. Cas. No. 2198; *Wickwire v. City of Elkhart,* 144 Ind. 305, 43 N. E. 216; *Miller v. Sullivan,* 32 Wash. 115, 72 Pac. 1022.

*Cooley & Horan,* for respondent and appellant T. L. Grant. Since the statute does not require the contract to be let to the lowest bidder, its terms and conditions are to be left to the discretion of the board. *Yarnold v. Lawrence,* 15 Kan. 126; *Elliott v. Minneapolis,* 59 Minn. 111, 60 N. W. 1081; *Mayo v. County Com'rs,* 141 Mass. 74, 6 N. E. 757; *Oakley v. Atlantic City,* 63 N. J. L. 127, 44 Atl. 651; *Schefbauer v. Kearney,* 57 N. J. L. 588, 31 Atl. 454; *Shaw v. Trenton,* 49 N. J. L. 339, 12 Atl. 902; *McGovern v. Board etc.,* 57 N. J. L. 580, 31 Atl. 613. The two buildings being substantially the same, it was within the power of the board to make the changes. *Commissioners of Gibson County v. Cincinnati Steam etc. Co.,* 12 L. R. A. 502; *Kitchel v. Board of Com'rs,* 123 Ind.

540, 24 N. E. 366. There was a fatal defect of parties, and the court could make no decree until the warrant holders were brought in. *Savage v. Sternberg,* 19 Wash. 679, 54 Pac. 611, 67 Am. St. 751; *Mayor v. Lord,* 9 Wall. 409; *Stallcup v. Tacoma,* 13 Wash. 141, 42 Pac. 541, 52 Am. St. 25; *Mallow v. Hinde,* 12 Wheat. 193; *Shields v. Barrow,* 17 How. 129; *California v. Southern Pac. R. Co.,* 157 U. S. 229, 15 Sup. Ct. 591; *State ex rel. McCain v. Metschan,* 32 Ore. 372, 46 Pac. 791, 53 Pac. 1071, 41 L. R. A. 693; *Graham v. Minneapolis,* 40 Minn. 436, 42 N. W. 291; *Buie v. Cunningham* (Tex.), 29 S. W. 801; *City of Anthony v. State,* 49 Kan. 246, 30 Pac. 488.

*Brownell & Coleman,* for respondent and appellant school board, to the point that the acceptance of the building rendered the district liable for its reasonable cost, the contract being executed, cited: *San Francisco Gas. Co. v. San Francisco,* 9 Cal. 472; *Central Transp. Co. v. Pullman,* 139 U. S. 24, 11 Sup. Ct. 478; *Hitchcock v. Galveston,* 96 U. S. 341; *Chapman v. Douglas County,* 107 U. S. 348, 2 Sup. Ct. 62; *Bicknell v. Widner School District,* 73 Ind. 501; *Auerbach v. Salt Lake County,* 23 Utah 103, 63 Pac. 907; *Argenti v. San Francisco,* 16 Cal. 256; *Sacramento County v. Southern Pac. R. Co.,* 127 Cal. 217, 59 Pac. 568; *Tacoma v. Lillis,* 4 Wash. 797, 31 Pac. 321, 18 L. R. A. 372; *Brown v. Atchison,* 39 Kan. 37, 17 Pac. 465, 7 Am. St. 515; *Moore v. Mayor,* 73 N. Y. 240, 29 Am. Rep. 134; *Brady v. Mayor,* 20 N. Y. 312; *County Com'rs v. Hunt,* 5 Ohio St. 488; *Bass F. & M. Works v. Parke County,* 115 Ind. 234, 17 N. E. 593; *Clark v. Dayton,* 6 Neb. 192; *National Tube Works v. Chamberlain,* 5 Dak. 54, 37 N. W. 761; *Allegheny City v. McClurkan,* 14 Pa. St. 81; *Memphis Gaslight Co. v. Memphis,* 93 Tenn. 612, 30 S. W. 25; *Grand Island Gas Co. v.*

*West,* 28 Neb. 852, 45 N. W. 242; *Farmer v. St. Paul,* 65 Minn. 176, 67 N. W. 990; *Ford v. Cartersville,* 84 Ga. 213, 10 S. E. 732; *Smith v. Board of Com'rs* (Ind.), 33 N. E. 243; *Brown v. Merrick Co.,* 18 Neb. 355, 25 N. W. 356; *Tash v. Adams,* 10 Cush. 252; *Fuller v. Inhabitants of Melrose,* 1 Allen 166; *Kagy v. Independent District,* 117 Iowa 694, 89 N. W. 972.

MOUNT, J.—This action was brought in the lower court by the plaintiff, a resident and taxpayer, to restrain the payment of certain school warrants, issued by the officers of school district No. 24, in Snohomish county, in payment of the contract price of a school building for said district, constructed by defendant Grant. Upon a trial the court entered a decree, restraining payment of a part of the warrants and refusing to restrain payment of the balance, and also ordered the school district to pay $500 as an attorney's fee to plaintiff's attorneys. The plaintiff appeals from that part of the decree refusing to restrain the payment of all the warrants. Defendant Grant appeals from that part of the decree restraining the payment of warrants. The school district appeals from that part awarding an attorney's fee in favor of the plaintiff.

The amended complaint contains four causes of action, one of which was abandoned by stipulation. The gist of the other three is, (1) failure of the contractor to construct the building in accordance with the plans and specifications; (2) that the contract was void because of failure of the school board to advertise for bids for the erection of the building; and (3) fraud and collusion in making the contract. The answer of the defendant Grant, after denying the material allegations of the complaint, alleges substantial compliance with the contract, but admits certain minor departures and omissions from the plans and speci-

cations, and denies any fraud or collusion. For affirmative defenses he alleges, the facts in relation to the advertisement for bids; that his bid was the lowest; that, after certain changes in the plans and specifications to conform the building to a new site, the contract was let to him, and was substantially performed before the action was brought. For a second affirmative defense he alleges laches on the part of the plaintiff. The answer of the school board denies generally the material allegations of the complaint, but admits certain departures from the original plans, and also pleads laches on the part of the plaintiff. The plaintiff for reply denies the new matter set up in the answers.

. Upon the facts, as they appear in the record, there is substantially no dispute, except as to the reasonable value of the building which was erected. They are briefly as follows: In February, 1902, the school district was reorganized under the law providing for a district in cities containing over 10,000 inhabitants. At that time the school buildings in the district were inadequate to accommodate the school children, and there was great necessity for another school building. The city board of education determined to erect an eight-room school building on the site of the Jefferson school grounds, to be known as the "Jefferson Annex." Architects were thereupon employed to prepare plans and specifications for such building. A building was designed, consisting of a two-story wooden structure, resting on a basement of masonry. On account of the site being a hillside, the basement walls were not of the same dimensions on all sides. The superstructure contained a number of ornamental wooden columns at the entrances. The specifications provided for a complete eight-room building, provided with ventilating and heating apparatus and a basement.

Upon these plans and specifications, bids were advertised for. In response to the advertisement, ten bids were filed by different parties. The bid of defendant Grant for $32,900 was the lowest. Upon receipt of these bids, the board was of the opinion that the building was more expensive than the district wanted to build, and a meeting of the electors of the district was called to consider the question of the cost of the building. The result of this meeting was an authorization to the board to purchase another site for the proposed building, after eliminating the ornamental columns and a portion of the foundation.

The board accordingly purchased another site on a level place, and directed the architects to amend the specifications so as to eliminate the ornamental columns and make the basement conform to the new site. These changes, and others necessitated by the location, were made in the plans and specifications. The size of the building was also slightly reduced without the knowledge of the board. The architects thereupon gave the board an estimate of $6,230 as the amount which should be deducted on account of these changes. Thereafter, on March 29, 1902, the board adopted a resolution authorizing the erection of the building on the new site, "in accordance with the changes and alterations, as suggested by the board and architects, of the original plans;" and the name of the new building was changed from "Jefferson Annex" to "Jackson School."

No further advertisement for bids was published, but the board deducted $6,230, as estimated by the architect to be the difference in cost between the original and the modified plans and specifications, from the bid of Mr. Grant, and authorized a contract with him for the erection of the building for $26,670. This contract was entered into on April 1, 1902. It is the usual builder's contract, providing for deductions and extras and for the payment

of seventy-five per cent of the value of the work and materials, as the work progressed. Bonds were given by the contractor, as required by law, for the faithful performance of the contract.

Work was begun on the building on May 1, 1902. During the progress of the work, the district decided to make a change in the heating plant, and it was accordingly made, and a more expensive heating plant was installed, and an allowance of $1,500 was made to the contractor on account thereof. Extra work on the foundation was ordered and also allowed, to the amount of $892.50. Numerous other minor changes were made by the contractor for his benefit, without the knowledge or authority of the board, which changes are estimated to amount to about $1,200. In September, 1902, when this action was begun, the building was substantially completed, and was shortly thereafter put to use by the district, and was occupied as a school building during the trial of the case. Warrants amounting to $27,092.50 had been issued by the board, and delivered to the contractor, and disposed of by him before the action was begun. The holders of these warrants were not made parties to the action. Defendant Grant held none of the warrants. The building erected is a good, substantial, modern school building, well adapted to the purposes intended, and well supplied with sanitary, lighting, and heating facilities, but lighter in structure, somewhat smaller in size, and cheaper in many details of construction, than the building first advertised for.

In addition to the facts above stated, the trial court found that the defendant Grant and the architects, who were the agents of the board, collusively and fraudulently changed the plans and specifications, and substituted in-

ferior materials in the course of the construction of the building, in order to obtain an excessive and dishonest profit; that the reasonable value of the building, as completed, is $20,535.56. The court upon its findings entered a decree restraining the district from issuing any further warrants, and restraining the payment of all issued in excess of the reasonable value of the building, as stated, ordered the school district to pay to plaintiff's attorneys $500, and entered judgment against defendant Grant for the costs of the action.

It is first argued by appellant Criswell that the contract which was entered into by defendant and the school board was *ultra vires* and void, because it was let without advertising for bids. Many cases are cited to the effect that, where a municipal corporation is required by its charter to let contracts in a certain specified way, it is beyond the power of such a corporation to let contracts in any other way; that obligations entered into in violation of law are void, and no rights or liabilities are incurred thereunder. The cases cited are all based upon statutes which require the officers of the corporation to advertise for bids, and to let the contract to the lowest bidder, and there was no discretion left to the officers, except perhaps to determine the lowest bid. Among many cases cited are: *Arnott v. Spokane,* 6 Wash. 442, 33 Pac. 1063; *Moran v. Thompson,* 20 Wash. 525, 56 Pac. 29; *State v. Pullman,* 23 Wash. 583, 63 Pac. 265; 83 Am. St. 836. There can be no doubt that the principles announced in these cases are the settled law, not only of this state, but of all the states where similar questions have arisen. If this case falls within the principles of those cases, the rules therein announced must govern.

The power of the board of education to build a school

building, we understand, is not questioned, or, if so, the record is clear that they had such power. The question is, did the board have the right to enter into the contract. The statute governing such transactions is as follows:

"In all districts contemplated by this chapter, when, in the opinion of the board, the cost of any lot of furniture, stationery, apparatus, fuel, building or improvements, or repairs to the same, will equal or exceed the sum of $200, it shall be the duty of the board to give due notice by publication in at least one daily newspaper published within said city, and if there be no daily, then in one or more weekly papers in three regular consecutive issues, of the intention to receive bids for such lots of furniture, stationery, fuel and other supplies, or for said improvements and repairs. The board shall determine the specifications for such bids, which shall be public." Section 2366, Bal. Code.

While this statute does not require the contract for such supplies, buildings, or repairs to be let to the lowest bidder, yet it is the evident purpose to require a notice and an opportunity for competitive bidding, so that the contract may be let to the best advantage of the municipality. The power of the board to contract is limited, by the section quoted, only to the extent of requiring notice of *intention to receive bids* upon specifications which are open to bidders. No other restrictions are made. The terms and conditions of the contract are left entirely to the discretion of the board. *Mayo v. County Com'rs,* 141 Mass. 74, 6 N. E. 757.

It was not the purpose of this section to tie the hands of school boards, so that every detail in plans and specifications for school buildings shall be irrevocably fixed, and no contract made or building constructed except exactly as specified. The evident purpose was to benefit the school district by inviting competitive bidding upon con-

tracts for proposed buildings and supplies, etc. The plans and specifications are for the purpose of showing the substance of what is desired. In this case the board was authorized to construct a school building. Plans and specifications were prepared. They were public. A notice as required was published, and bids were received. Defendant Grant's bid for $32,900 was the lowest. There can be no doubt that the board, under all the authorities cited by appellant Criswell, was authorized to enter into a binding contract with defendant Grant, at the price bid for the construction of the building, as planned at the time advertisements were published. Nor can there be any doubt that, by such contract, the board might have reserved a right, as it in fact did, to make alterations in the specifications agreeably to both during the progress of the work, so long as the general plan of the building was not changed. *Board of Com'rs v. Cincinnati Steam Heating Co.,* 128 Ind. 240, 27 N. E. 612 12 L. R. A. 503; *Bass Foundry etc., Works v. Parke County Com'rs,* 115 Ind. 234, 17 N. E. 593; *Kitchel v. Board of Com'rs,* 123 Ind. 540, 24 N. E. 366. If this may be done after the contract is entered into, it may be done at the time, as a part of the contract.

It is no doubt true that one bidder may not change his bid, after knowledge of other bids, so as to make it lower than another. This would be a fraud upon other bidders. And the board of education may not call for bids upon a given plan, and, after bids have been made thereon, so change the plan as to make an entirely different building, and require bidders to accept a contract upon the plan as changed. Nor may the board enter into private negotiations with one of the bidders upon a different plan; this would avoid the statute. But where the plan remains substantially the same, and the parties act in good faith,

detail features, which are not necessary to the building, and which do not change the substantial character of it, may be eliminated on terms agreeable to the board and the bidder entitled to the contract upon the plans as advertised. Where a proper deduction from his bid is made on account thereof, such a change in the specifications would not be *ultra vires* of the board. This, we think, is all that was done in this case. There is no evidence of any bad faith on the part of the board or the defendant Grant in this respect, and we are therefore of the opinion that the contract entered into was within the powers of the board, and was a valid and binding contract upon the district.

The next two points presented by appellant Criswell are to the effect that, the contract being *ultra vires* and void, the contractor Grant cannot recover upon the contract, or upon the *quantum meruit,* and the fact that the district occupies the building, and has accepted the benefits, creates no liability. This is no doubt correct where the contract is *ultra vires*. But since we have already concluded that the contract was not beyond the power of the board, it will not be necessary to notice these points.

It is next contended that the contract was void for fraud. It is not claimed, however, that the school board was guilty of any fraud, or that the members thereof were actuated by other than the best of faith, and solely with a view to the best interests of the district. But it is claimed that defendant Grant and the architects fraudulently changed the plans and specifications, so as to make a dishonest profit. We have carefully examined the whole record in the case, and particularly that bearing upon this question, and are satisfied that there is no sufficient evidence upon which to base a conclusion of fraud, on the part of either the architects or the contractor, prior to

the time the contract was entered into.  Before the contract was let, specifications, upon which the advertisement was made and the ones upon which the building was constructed, were compared by the architect and a committee of the board of education, and the board were unable to find any material differences therein, except a change in the foundation and in the ornamental columns. There were, however, minor changes, some of which were noticed and discussed, while others were not discussed or not noticed.  But, in the main, the specifications were identical.  The slight change in the size of the building, which did not interfere with its efficiency, was not called to the attention of the board, and they apparently did not notice it until after the trial was in progress.  The architect explains this by saying that it was made to reduce the cost of the building, and a proper deduction was made for it; that he supposed the board had knowledge thereof.

However, this point becomes immaterial, because the court concluded, on account of such fraud, that the district was liable only for the reasonable value of the building, which was found to be $20,535.56.  In this conclusion we think the court was right, not because of the fraud, but because the contractor, after the contract was entered into, made many material changes and omissions in the work without authority of the board, and against the protests of the architect; and on this account, if Grant were suing, he could not recover upon the contract. But where the contract is not unlawful, and the district has accepted and is using the building, which is in all respects suitable for its purposes, common honesty requires that it should pay the reasonable value thereof.  6 Cyc., 111; and cases cited; *Kagy v. Independent Dist.,* 117 Iowa 694, 89 N. W. 972; *Chapman v. Douglas County* 107 U. S. 348, 2 Sup. Ct. 62, 27 L. Ed. 378.  Appellant

contends that the amount allowed is in excess of the reasonable value. There is much conflict in the evidence upon this point, and for that reason we shall not disturb the finding of the trial court.

Appellant Grant maintains that there is shown to be a defect of parties, and that the cause must therefore be reversed. This contention is based upon the fact that all the warrants issued by the district, and delivered to Grant, were disposed of, and are held by purchasers who were not made parties to the action, and who are not now before the court. The statute, at § 4907, Bal. Code, provides that, where it appears upon the face of the complaint that there is a defect of parties, objection may be taken by demurrer. Section 4909 provides that, where this fact does not appear upon the face of the complaint, the objection may be taken by answer. Section 4911 provides that, if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same. The complaint alleged that the warrants had been issued to defendant Grant. When defendant Grant answered, he admitted this fact, but did not allege that other persons, not parties to the action, were the owners thereof, although the fact was within his knowledge.. At the trial, and over the objection of the plaintiff, Grant was permitted to state that he was not the owner of any of the warrants, but had disposed of all of them before the action was begun. Under the statute it is clear that Grant had waived this point, and it was too late for him then to raise the question. *State ex rel. McCain v. Metschan*, 32 Or. 372, 46 Pac. 791, 53 Pac. 1071, 41 L. R. A. 692. It is true that in *Stallcup v. Tacoma*, 13 Wash. 141, 42 Pac. 541, 52 Am. St. 25, this court held, in a case where the action was brought to restrain the payment of interest on certain bonds, that absent bond-

holders were necessary parties, and that the court could make no decree affecting their rights, and this decision is no doubt in accord with the rule of law upon the question; but in that case the question was properly and seasonably raised. See, also, *Savage v. Sternberg,* 19 Wash. 679, 54 Pac. 611, 67 Am. St. 751.

By the appeal of the school district, the authority of the court to allow an attorney's fee of $500 in this case is questioned. There is no statute in this state allowing attorney's fees in a case of this kind, except § 5172, Bal. Code, which provides for $10 to be taxed as costs. In the absence of a statute, an allowance except for costs as provided is beyond the power of the court. *Larson v. Winder,* 14 Wash. 647, 45 Pac. 315; *Trumble v. Trumble,* 26 Wash. 133, 66 Pac. 124; *Ditmar v. Ditmar,* 27 Wash. 13, 67 Pac. 353, 91 Am. St. 817; *Legg v. Legg,* *ante* p. 132, 75 Pac. 130. That part of the judgment allowing an attorney's fee is therefore reversed. In all other respects the judgment is affirmed. The board of directors will recover costs against appellant Criswell. Appellant Grant will recover no costs.

FULLERTON, C. J., and DUNBAR, HADLEY, and ANDERS, JJ., concur.