(No. 5083.  Decided December 22, 1904.)

## L. D. SPENCER, *Appellant,* v. THE COMMERCIAL COMPANY, *Respondent.*[1]

APPEAL—REVIEW—FINDINGS. Where, in an action tried by the court after waiving a jury, the evidence is not brought up and the findings are within the issues, and warrant the conclusions of law, the merits of the case are not reviewable.

COSTS—ATTORNEY'S FEES. In an action for damages for breach of the covenants of a lease, it is error to allow an attorney's fee of $100 in addition to the statutory fee.

APPEAL AND ERROR — EXCEPTIONS — SUFFICIENCY. Error in allowing an attorney's fee is properly presented for review in the appellate court by excepting to the allowance when first set forth in the conclusions of law; and, when it is part of the judgment, it is deemed excepted to, and need not be urged in the court below.

APPEAL AND ERROR—DECISION—ATTORNEY'S FEE—COSTS. Upon remanding a case wherein the only error was in allowing an attorney's fee in the sum of $100, the judgment will be affirmed except as to said sum, with instructions to the lower court to modify the decree, the costs of the appeal to be taxed in favor of the appellant.

Appeal from a judgment of the superior court for King county, Griffin, J., entered November 11, 1903, upon findings in favor of the defendant, in an action for damages for breach of covenant, after a trial on the merits before the court, a jury being waived. Modified.

*G. Ward Kemp,* for appellant.

*Ira Bronson* and *Kenneth Mackintosh,* for respondent.

DUNBAR, J.—This was an action brought to recover damages from the defendant for alleged violation of the covenants of a lease, the main contention being that the lessor ejected the lessee from the premises leased, and

1Reported in 78 Pac. 914.

proceeded to collect the rents from the sub-lessees, to plaintiff's damage in the sum of $1,260, the value of the fixtures which plaintiff alleged he was deprived of, and the sum of $622.90, the value of the leasehold interest which defendant alleges he was deprived of, being the sum of $1,884.90 in all.

The question of the right of the appellant to the value of the fixtures was decided adversely to appellant's contention by this court in *Spencer v. Commercial Co.,* 30 Wash. 520, 71 Pac. 53, upon a former appeal in this case. The case was tried by the court, a jury having been waived, and the court, after finding the execution of the lease, a copy of which it is not necessary to set out in this opinion, found, that during the month of August, 1899, the plaintiff surrendered and delivered possession of the premises to the defendant; that the defendant thereupon resumed possession thereof, and leased the same to the Seattle Cereal Company, and that the said Seattle Cereal Company thereupon became the tenant of the said premises, and so continued up to and until December 31, 1901, and that at the end of the said time the Seattle Cereal Company redelivered possession of said premises to defendant, and that the defendant thereupon resumed possession thereof; that subsequent to August, 1899, defendant received from the plaintiff no rent for said premises, and had no dealings of whatsoever kind with him in regard to said premises, but that, during all of said time, the said premises were in the possession of said Seattle Cereal Company as tenant of the defendant; and in August, 1899, plaintiff agreed with the defendant and the Seattle Cereal Company that he would surrender his lease, mentioned in finding No. 1, and would rent said premises from the Seattle Cereal Company; that, in compliance with said agreement, plaintiff, after August, 1899, paid no rent to said defendant, but

rented said premises from the Seattle Cereal Company. The appellant has not brought here the testimony in the case, so that the findings of fact must be accepted by this court as the facts proven. We think that they were within the issues, and that no other facts were necessary to be found by the court, and that the facts found by the court warrant the conclusions of law which followed. Neither are we able to conclude that the court abused its discretion in refusing the motion of the appellant for a new trial, so far as the merits of the controversy are concerned.

The judgment rendered, however, granted to the respondent, the defendant in the action below, an attorney's fee of $100, in addition to the statutory attorney's fees. It has been so often decided that the granting of attorney's fees in cases of this kind was error that it is no longer a proper subject for discussion. It is contended, however, by the respondent that this question was not raised by the appellant in the lower court, and that he has no right to present it here. The finding, however, was objected to by the appellant at the earliest opportunity, by excepting to this allowance, which was set forth in the conclusions of law. And again, it is a part of the judgment, which is deemed excepted to.

As no good purpose would be subserved by the reversal of the judgment and the retrial of the cause by reason of this error alone, we will follow the rule announced in *Trumble v. Trumble*, 26 Wash. 133, 66 Pac. 124, and affirm the judgment except as to the allowance of the $100 as attorney's fees, and remand the cause with instructions to the lower court to modify the decree in that regard; the costs of the appeal to be taxed in favor of appellant.

FULLERTON, C. J., and ANDERS, HADLEY, and MOUNT, JJ., concur.