[No. 8277.  Department One.  December 2, 1909.]

M. J. McGUINNESS *et al.*, *Respondents*, v. LEONARD C. HARGISS, *Appellant*.[1]

QUIETING TITLE—CLOUD—INVALID CLAIM.  Under Bal. Code, § 5521, for the determination of adverse claims, a decree to quiet title may be had where the defendant filed for record an invalid notice, claiming a contract for purchase, although the claim did not constitute a cloud within equitable principles.

LIBEL AND SLANDER—SLANDER OF TITLE—SPECIAL DAMAGES—ATTORNEY'S FEES.  In an action for slander of title, only special damages can be recovered, and they must be pleaded and proved; and a claim for an attorney's fee in the current action is not recoverable, either as damages or costs, other than statutory.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered June 2, 1909, upon findings in favor of the plaintiffs, in an action to quiet title and for damages.  Affirmed in part and reversed in part.

*Frederick R. Burch*, for appellant.
*Robert McMurchie*, for respondents.

MORRIS, J.—Respondents charge appellant with slandering their title to real estate, and seek damages and the removal from record of the offending instrument as a cloud upon their title.  The claim for damages is general, with the exception of a special plea for attorney's fees in this action. The court below made findings in favor of respondents, holding the recorded writing to be a slander and cloud upon respondents' title, and awarding them damages in the sum of $350; and the case is brought here on appeal.

But two questions are presented on the appeal:  Does the record complained of constitute a cloud upon title? and are respondents upon the pleadings and proof entitled to damages?  On October 8, 1908, appellant filed for record in the

[1]Reported in 105 Pac. 233.

office of the county auditor for Snohomish county, the following writing:

### "LEGAL NOTICE OF CONTRACT OF SALE.

"Notice is hereby given that I, Leonard C. Hargiss, a bachelor of Washington, have paid to M. J. McGuinness of Snohomish, Washington, the sum of one hundred dollars gold coin on 80 acres, described as follows: The N. W. ¼ of the N. W. ¼ of Section 12, Township 27, Range 5, East W. M., also the N. E. ¼ of the N. E. ¼ of Section 11, Township 27, Range 5, East W. M., in Snohomish county, state of Washington, full purchase price to be $1,675.00, balance of $1,575.00 to be paid when said M. J. McGuinness furnishes clear abstract showing good title and full warrantee deed, clear of all encumbrances. That the said Leonard C. Hargiss is ready and willing to pay the full amount in cash to carry out the deal, and in event said M. J. McGuinness can not give good title to said land, said Leonard C. Hargiss claims from M. J. McGuinness $10,000 damages, and a lien on said land until it is paid.          (Signed)  Leonard C. Hargiss."

Appellant justified this record with the contention that he had entered into a contract with respondents for the purchase of this land, which they refused to carry out. It is not necessary to refer to the evidence of the parties in regard to this alleged contract, inasmuch as it will be of no aid in the determination of the questions involved in the appeal. The court below found that no contract had been entered into between the parties, and whatever there was of negotiation was ended on August 24, when a Seattle bank, acting for appellant, wrote to a Snohomish bank, in which a deed, abstract, and satisfaction of mortgage had been deposited as part of the negotiations, in part as follows: "I beg to advise you that the McGuinness deal appears to be entirely off." We need only say that the evidence strongly supports the findings of the court upon the question of the contract, and we are of the same opinion.

It is contended by appellant that the instrument complained of is not a cloud, because it could not be made the

basis for either acquiring or maintaining an interest in the land, and that in order to constitute a cloud the instrument must upon its face confer some right, title, or interest in the land. Such is unquestionably the rule in many of the states, but in this state the rule was announced, as far back as *Lemon v. Waterman*, 2 Wash. Ter. 485, 7 Pac. 899, that a decree quieting title might be had notwithstanding the absolute invalidity of the claim or estate moved against, upon the theory, as stated in *Watson v. Glover*, 21 Wash. 677, 59 Pac. 516, that Ballinger's Code, § 5521, had enlarged "equity jurisdiction so as to embrace a case wherein the adverse interest or claim does not constitute a cloud (according to the principles of equity). The court then refers to the fact that California and Oregon have similar statutes, and quotes from *Castro v. Barry*, 79 Cal. 443, 21 Pac. 946, in saying that the object of the statute is to authorize proceedings "for the purpose of stopping the mouth of a person who has asserted or who is asserting a claim to the plaintiff's property. It is not aimed at a particular piece of evidence, but at the pretensions of the individual;" and from *Teal v. Collins*, 9 Ore. 89, wherein the court says: "It is sufficient that the party in possession is incommoded or damnified by the assertion of some claim or interest in the property adverse to him." Similar rulings have been announced in *Jackson v. Tatebo*, 3 Wash. 456, 28 Pac. 916, and *Montgomery v. Cowlitz County*, 14 Wash. 230, 44 Pac. 259. We therefore hold, upon the first point submitted, that the writing signed by appellant constituted a cloud upon respondents' title. .

Upon the second point submitted, we are of the opinion that the court below erred. In actions of slander of title it is the recognized rule that only special damages are recoverable, and that such damages must be pleaded and proved. 25 Am. & Eng. Ency. Law 1079; 25 Cyc. 561. There was no plea nor proof of special damage, except the claim for an attorney's fee for the prosecution of this action. We have uniformly held that in this state attorney's fees, either as dam-

ages or costs, other than statutory, are not recoverable. In *Spencer v. Commercial Co.*, 36 Wash. 374, 78 Pac. 914, the court attempts to forever settle the question by saying: "It has been so often decided that the granting of attorney's fees in cases of this kind was error that it is no longer a proper subject for discussion."

Other cases holding the rule are: *Larson v. Winder*, 14 Wash. 647, 45 Pac. 315; *Trumble v. Trumble*, 26 Wash. 133, 66 Pac. 124; *Ditmar v. Ditmar*, 27 Wash. 13, 67 Pac. 353, 91 Am. St. 817; *Legg v. Legg*, 34 Wash. 132, 75 Pac. 130; *Criswell v. Directors School Dist. No. 24*, 34 Wash. 420, 75 Pac. 984; *McGill v. Fuller & Co.*, 45 Wash. 615, 88 Pac. 1038.

While there was no plea of other special damage, there was an attempt to prove loss of a subsequent sale at a higher price, but such evidence did not commend itself to the court, as is evidenced by its language as found in the record:

"I don't think Mr. McGuinness has been damaged very much except with reference to the expense of this law suit, and I think he is entitled to attorney's fees. The only evidence about the value of attorney's fees in this matter is three hundred and fifty dollars, and I am inclined to think that is liberal, and I have made up my mind to allow as total damages three hundred and fifty dollars. You can call it attorney's fees or whatever you please."

It is evident that, in the opinion of the court below, no damage was established, and that the award of $350 is given for attorney's fees in this action.

The judgment, in so far as it decrees a cloud upon respondents' title, is affirmed. In so far as it awards them damages, it is reversed. The cause is remanded with instructions to modify in accordance with these views.

Rudkin, C. J., Gose, Fullerton, and Chadwick, JJ., concur.