[No. 18957.    Department One.    June 19, 1925.]

THERESA JAMES, *Appellant*, v. CLAIRE CANNELL *et al.*, *Respondents.*[1]

GARNISHMENT (64)—WRONGFUL GARNISHMENT—DAMAGES. In an action for wrongfully suing out a garnishment, brought upon the garnishment bond, conditioned, as provided by Rem. Comp. Stat., § 681, to pay all "damages and costs" that may be adjudged against the principal for suing out the writ, plaintiff is entitled to recover as damages, the reasonable amount of attorneys fees paid for procuring the release of the garnishment.

SAME (64)— DAMAGES—ATTORNEYS FEES—STATUTES — CONSTRUCTION. The fact that attorneys fees are by statute expressly allowed as part of the damages recoverable in an action on an attachment bond for wrongfully suing out the writ, and not in an action upon a garnishment bond, does not preclude recovery of attorneys fees as damages in case of a wrongful garnishment; since the right exists independently of statute.

ASKREN, J., dissents.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered June 6, 1924, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, in an action on a garnishment bond. Reversed.

*John M. Gleeson* and *Harold M. Gleeson,* for appellant.

*Garrecht & Twohy,* for respondents.

BRIDGES, J.—The respondent Cannell garnished certain funds of the appellant which were deposited to her credit in a Spokane bank. Shortly thereafter the garnishment was discharged upon the motion of the appellant because it had been wrongfully sued out. She then brought suit on the garnishment bond seeking to recover damages for loss of time and for labor ex-

[1]Reported in 237 Pac. 8.

pended in endeavoring to straighten out her entanglement because of the tying up of her funds in the bank, and to recover certain sums which she had paid, or had become obligated to pay, to attorneys employed by her for the especial purpose of, and who succeeded in, having the writ of garnishment discharged. The trial court instructed the jury to bring in a verdict of $2.60, which was done and judgment was entered thereon. One dollar and sixty cents of this amount seems to have been for some costs that the appellant had paid in connection with the discharge of the garnishment, and it is probable that the other one dollar was to cover interest on the money garnished, from the time of the garnishment until its discharge, a period of six or eight days.

At the time of the issuance of the writ of garnishment, the respondent gave the usual statutory bond, which provided that, if she should "prosecute said action and pay all damages and costs that may be adjudged" against her for the suing out of the writ of garnishment, then the bond should become void, otherwise it was to remain in full force and effect. Section 681, Rem. Comp. Stat. [P. C. § 8000], is with reference to garnishment bonds and is in substantially the words of the bond given in this case. It appears that the appellant, prior to the garnishment, had issued some checks against her money in bank, and that thereafter she was required to expend some time and effort in adjusting her finances so as to meet the outstanding checks. She seeks to recover as damages her loss of time in this respect.

It is the general rule in cases of this character that the recoverable damages are only those which naturally flow from the result of the garnishment, and that unusual and speculative damages are not recoverable.

It seems to us that the item of the appellant's time expended in adjusting her finances to meet the situation would be entirely too speculative to justify recovery therefor. Generally speaking, the damage resulting from the tying up by garnishment of funds is the loss of interest on the funds during that period. There may, of course, under special circumstances, be additional damage, such as the actual loss of the money, or, possibly, loss of profits which would have been made had the money not been garnished. Under the circumstances shown here, the only element of damage which may be considered as having naturally flowed from the wrongful garnishment is the loss of interest (which would be but an insignificant sum), and possibly the money expended in procuring the release of the garnishment. It is this matter of attorney's fees which is the most important and interesting question in this case.

Where a temporary injunction or restraining order has been issued, the statute provides for the giving of a bond "conditioned to pay all damages and costs as may accrue by reason of the injunction or restraining order," Section 725, Rem. Comp. Stat. [P. C. § 8059]. Courts have generally held that, where the person against whom the injunction has been issued has employed attorneys to seek its dissolution and they have succeeded in doing so without a trial of the case upon its merits, in a suit upon the injunction bond, such person is entitled to recover such sum as he may have paid, or obligated himself to pay, his attorneys for their services in that connection, not exceeding, of course, a reasonable amount. Generally speaking, these cases are based on an assertion made by Mr. High, in his work on injunctions, to the effect that the commonly accepted rule is that reasonable compensation paid as counsel fees in procuring the dissolution of an injunc-

tion may be recovered in an action on the bond. 2 High, Injunctions (3d ed.), 1685. It also has been generally held that such fees, in order to be allowable as damages, must be those connected with the motion or other similar proceeding for the dissolution of the injunction, and not those covering the defense of the action on its merits. This court has allowed attorney's fees in suits on injunction bonds in the following cases: *Donahue v. Johnson,* 9 Wash. 187, 37 Pac. 322; *Steel v. Gordon,* 14 Wash. 521, 45 Pac. 151; *Berne v. Maxham,* 82 Wash. 235, 144 Pac. 23.

It would seem that the rule laid down by Mr. High in injunction cases ought to be applicable also to attachments and garnishments. It is true that, while the bond provided for by our attachment statute is for all costs and damages which may be sustained by reason of the attachment, it also provides that, in a suit upon the bond, reasonable attorney's fees are to be considered a part of the damage. Sections 652 and 654, Rem. Comp. Stat. [P. C. §§ 7384, 7386]. Our statutory garnishment bond is substantially the same as the attachment and injunction bond, but there is no statutory provision to the effect that attorney's fees shall be allowed as part of the damages. But if we examine the authorities, we will see that the courts generally have held that such attorney's fees in attachment cases are recoverable as damages where the statute makes no express provision therefor. It is held that the attorney's fee is a necessary expense incurred because of the suing out of the attachment and to get rid of it, and that for that reason it constitutes a part of the damages suffered. The following are some of the cases holding that, in the absence of a governing statute, attorney's fees paid, or agreed to be paid, in securing the discharge of an attachment may be recovered as damages in a suit upon the attachment bond. *Swift*

*v. Plessner,* 39 Mich. 178; *Raymond Brothers v. Green,* 12 Neb. 215, 10 N. W. 709, 41 Am. Rep. 763; *Behrens v. M'Kenzie,* 23 Iowa 333, 92 Am. Dec. 428; *State, to the Use of Burton, v. McKeon,* 25 Mo. App. 667; *Wilson v. Root,* 43 Ind. 486; *State, to the Use of Hayden, v. Mc-Hale,* 16 Mo. App. 478; *Peters v. Snavely-Ashton,* 144 Iowa 147, 120 N. W. 1048, 122 N. W. 836; *Tripp Bros. v. Hymer,* 30 Ky. Law 624, 99 S. W. 330; 1 Shinn, Attachments and Garnishments, § 190 *et seq.*

If attorney's fees may be collected as a part of the damages for the wrongful issuance of an injunction or attachment, there is no reason that we can see why they should not also be recoverable in the wrongful levy of a writ of garnishment. While we have not found many cases of this character in connection with garnishment (probably because in most of the states garnishment is but a part of the process of attachment), we have run across one or two which hold such a recovery can be had. *Collins v. Myers,* 30 Ga. App. 151, 117 S. E. 265; *McIntosh v. Knox,* 40 Nev. 403, 165 Pac. 337.

Respondent insists that this court has, in effect, held that attorney's fees are not recoverable in a case of this character, citing *Larson v. Winder,* 14 Wash. 647, 45 Pac. 315; *Trumble v. Trumble,* 26 Wash. 133, 66 Pac. 124; *McGuinness v. Hargiss,* 56 Wash. 162, 105 Pac. 233, 21 Ann. Cas. 220; *Long v. Smith,* 125 Wash. 183, 215 Pac. 342; and *Spencer v. Commercial Co.,* 36 Wash. 374, 78 Pac. 914. We think these cases are not in point. They go no farther than to hold that, in an ordinary civil action, the winning party may not recover his attorney's fees unless the losing party has contracted to pay them or there is a statute authorizing their recovery. For illustration, in *Larson v. Winder, supra,* it was held that, in an action at law, the court can impose no costs by way of attorney's fees except

such as are expressly provided by statute. In *Spencer v. Commercial Co., supra,* it was held that, in an action for damages for breach of a covenant of a lease, it was error to allow any attorney's fees in addition to that fixed by statute. In *McGuinness v. Hargiss, supra,* we held, in an action for slander of title to real estate, that an attorney's fee is not recoverable as damages. The other cases cited by respondent are of the same nature. There is a great difference between allowing the successful party in the ordinary litigation to recover his attorney's fees and allowing such recovery as damages in a suit upon a bond given in an injunction, attachment or garnishment proceeding. These proceedings are special and extraordinary and allow the tying up of the property or funds of the defendant before the case has been determined upon its merits.

It is said, however, that the mere fact that the attachment statute expressly provides that attorney's fees shall be recoverable as a part of the "damages" for which the bond is given, while the garnishment statute does not contain any such provision, evidences a legislative intent that attorney's fees in a garnishment suit are not recoverable as damages.

We think the reasoning is bad. The attorney's fee provision in the attachment statute was not necessary; it gave no right which the law would not have given without it; it was surplusage or, at most, a legislative expression of the law. If its existence adds nothing to the attachment statute, absence of it from the garnishment statute should not take away any rights which the law would give without it. Besides this, to hold as respondent suggests would be to make our cases inconsistent. Injunction is as much a special and drastic proceeding as garnishment or attachment, yet, as we have shown, we have often allowed recovery of attorney's fees as damages in a suit on an injunction bond,

where the statute is as silent on the question as the garnishment statute.

We are of the opinion that the trial court should have allowed the appellant to prove, as part of her damages, such reasonable attorney's fees as she paid, or obligated herself to pay, in securing the discharge of the writ of garnishment. The judgment is reversed and the cause remanded for proceedings in accordance herewith.

Tolman, C. J., Parker, and Main, JJ., concur.

Askren, J. (dissenting)—I dissent. The majority opinion is based upon the assumption that, since attachment and garnishment are similar and the majority of the states hold that attorney's fees may be recovered in attachment cases where there is no express provision for the recovery of attorney's fees, a like rule should apply to garnishments. In most states the garnishment and attachment statutes are combined, and in recognition of the fact that attachment is not only an extraordinary remedy, but is usually a drastic one, the courts have construed the word "damages" to mean attorney's fees. But no such situation exists in this state. Prior to the enactment of the present law upon garnishment and attachment, the two were combined; but the legislature saw fit to separate them, no doubt for the reason that it realized that attachment was resorted to only in exceptional cases where real property, household goods, stocks of goods, or other personal property is involved, while the writ of garnishment is customarily and generally used to prevent the withdrawal of money from either an employer or a bank. My reason for dissenting is found in the wording of the statute itself. The statute on attachment (Rem. Comp. Stat., § 652) [P. C. § 7384], provides that,

"The bond shall be . . . conditioned that the plaintiff will prosecute his action without delay, and will pay all costs that may be adjudged to the defendant and all damages which he may sustain by reason of the attachment."

The statute on garnishment (Rem. Comp. Stat., § 681) [P. C. § 8000], provides that,

"The bond shall be . . . conditioned that he will prosecute his suit and pay all damages and costs that may be adjudged against him."

If these two sections stood alone, it might be urged that the word "damages" in both should be given the same construction, but there is a further provision in the law upon attachment as follows:

"In an action on such bond, the plaintiff therein may recover, if he shows that the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was issued to be true, the actual damages sustained and reasonable attorney's fees to be fixed by the court;". Rem. Comp. Stat., § 654 [P. C. § 7386].

There is also a provision in the law of garnishment providing for attorney's fees to a garnishee defendant; Rem. Comp. Stat., § 704 [P. C. § 8023]:

"Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee for attorney's fees, shall be taxed against the plaintiff; . . ."

There is no statute relative to garnishment like § 654 on attachment, and since the legislature made express provision for attorney's fees in attachment and as to the garnishee defendant in garnishment actions, I cannot believe that as to the defendant the legislature "left that provision out in words with the intent that it should be supplied by construction."

There is another reason which impels me to this view; and that is that it would appear to be the settled policy of this state, as shown by the different statutes and innumerable decisions of this court, that attorney's fees other than the statutory amounts should only be allowed in exceptional cases, and then only where expressly provided in the statute.