[No. 7506.    Decided August 19, 1909.]

THE STATE OF WASHINGTON, *on the Relation of A. N.
Maltbie, Appellant,* v. CHARLES F. WILL
*et al., Respondents.*[1]

COUNTIES—OFFICERS—SALARY—INCREASE DURING TERM. The salary
of a county officer cannot be increased during the term for which
he was elected by reason of an increase in the population of the
county changing its classification by which the salary of its officers
are determined; Const. art. 11, § 8, providing that his compensation
shall not be increased after his election during his term of office; but
a county officer is entitled to the salary for the classification to which
the county in fact belonged at the time of his election, although the
county commissioners did not determine the fact until after the
election.

MANDAMUS — PROCEDURE — RELIEF GRANTED — PARTIAL RELIEF —
COUNTY OFFICERS—SALARY. The procedure in mandamus being but
a form of civil action under our code, it is not essential that the
prayer be granted *in toto* or denied *in toto;* and upon an application
for a writ to secure a salary warrant for more than the relator is
entitled, the court may grant the writ for a warrant for the sum to
which the party may be entitled.

COSTS—ATTORNEY'S FEES—MANDAMUS PROCEEDINGS. In mandamus
by a county officer to secure a salary warrant, attorney's fees incur-
red in prosecuting the action cannot be allowed as damages, nor
except as statutory taxable costs.

COUNTIES—CLAIMS—INTEREST. Upon the rejection, by the county
commissioners, of a legal claim, the claimant becomes entitled to in-
terest on the total amount of the claim from the date of its rejection.

Appeal from a judgment of the superior court for Doug-
las county, Steiner, J., entered May 6, 1908, upon findings
in favor of the defendants, after a trial before the court
without a jury, in an action for a writ of mandamus. Re-
versed.

*Hannan & Clapp* and *Arthur McGuire,* for appellant.
*Sam B. Hill* and *John W. Hanna,* for respondents.

[1]Reported in 103 Pac. 479; 104 Pac. 797.

CROW, J.—Application to the superior court of Douglas county by A. N. Maltbie, for a writ of mandamus requiring the auditor and commissioners of said county, to issue a warrant for $294.45, alleged to be due the relator for salary as county clerk. From a final judgment denying the writ, the relator has appealed.

The only question presented is whether the findings made require the issuance of a writ. The trial court found that the relator, A. N. Maltbie, was elected clerk of Douglas county in November, 1902, and re-elected in November, 1904; that he served two terms, from January 9, 1903, to January 14, 1907; that during that period he was paid a monthly salary of $1,300 per annum, on the theory that Douglas county was a county of the sixteenth class; that at the date of his first election, on November 4, 1902, the population of Douglas county was 9,183; that on March 1, 1903, it was 10,168, and that on June 1, 1906, it was 16,-310; that on August 1, 1906, the board of county commissioners, by its order entered and recorded, declared Douglas county to be in the twelfth class; that prior to the commencement of this action the relator made demand upon the county commissioners to allow him salary as follows: at the rate of $1,350 per annum from January 12, 1903, to January 9, 1905; at the rate of $1,350 per annum from January 9, 1905, to June 1, 1906, and at the rate of $1,500, per annum from June 1, 1906, to January 14, 1907; that his claim was rejected; that the county auditor on demand refused to issue him a warrant for any sum, and that prior to the commencement of this action the relator engaged attorneys to prosecute the same, agreeing to pay them $200. At the time of the commencement of this action similar applications were made by five other county officers, demanding additional salary for official services rendered prior to January 14, 1907, and they have stipulated that the disposition of this case on appeal shall control like appeals prosecuted by them.

The trial court having found that on November 4, 1902,

the date of appellant's first election, Douglas county had a population of 9,183, it was then a county of the sixteenth class, in which the clerk's salary was $1,300. There can be no question but that the appellant was entitled to that salary and no more at all times from his induction into office on January 9, 1903, until the population increased to 10,168, on March 10, 1903. The first question to be determined therefore is whether the county having then attained sufficient population to be advanced to the fifteenth class, appellant's salary by reason thereof immediately advanced to $1,350 from and after that date.

On the authority of *Anderson v. Whatcom County*, 15 Wash. 47, 45 Pac. 665, 33 L. R. A. 137, and *State ex rel. Smith v. Neal*, 25 Wash. 264, 65 Pac. 188, 68 Pac. 1135, appellant now claims that he was, after March 10, 1903, entitled to the increased salary of $1,350. The cases cited do not sustain his contention. In the *Anderson* case the method of compensation of a justice of the peace was changed from fees to salary, in compliance with a self-executing provision contained in § 10, art. 4, of the state constitution, pertaining to cities having a population of more than five thousand. In the *Smith* case the population of Skagit county was ascertained by reference to the Federal census of 1900 as it existed in November, 1900, at the time the relator was elected.

When the appellant was elected in November, 1902, his salary based on the population then existing was $1,300. If it could be increased during the term for which he was then elected, and when the population advanced to 10,168 · in March, 1903, it might be again increased during the same term, on the same theory, provided a further advance in population occurred. The constitution, art. 11, § 8, requires that the compensation of a county officer, authorized and fixed at the date of his election, must continue without change during the entire term for which he is elected. If, during such

term, the county, by reason of an increase in population, is advanced to a higher class, the increased salary resulting therefrom cannot benefit the incumbent, but will be paid to his successor. This construction harmonizes the various sections of our constitution relating to the matter of an increase or decrease of salaries of public officers. Section 25 of art. 2 provides that the compensation of any public officer shall not be increased or diminished during his term of office. Section 25 of art. 3 provides that the compensation of state officers shall not be increased or diminished during the term for which they shall have been elected. Section 13 of art. 4 provides that the salaries of supreme and superior court judges shall not be increased *after their election*, nor during the term for which they have been elected, and § 8 of art. 11 provides that the salary of any county, city, town or municipal officer shall not be increased or diminished *after his election* or during his term of office. These sections disclose a consistent and uniform intention to prevent any increase or decrease in the compensation of public officers during their respective terms of office, and in the cases of judges and county officers not only during their terms but also at any time *after their election.*

Section 5 of art. 11 provides that the legislature shall regulate the compensation of county officers in proportion to their duties, and for that purpose may classify counties by population. In compliance with this section the legislature has enacted laws classifying counties on the basis of population and fixing salaries therein. Section 1 of the original act, chapter 10, Laws 1889-90, page 302, provided that the population as a basis of classification should be first ascertained by the Federal census of 1890, and thereafter every two years by the county and precinct assessor's enumeration. By the amendment of March 18, 1901, chap. 136, Laws 1901, page 289, this method of ascertaining population was omitted from §1 (Bal. Code, § 1563) without substituting

any other, and in *State ex rel. Smith v. Neal, supra,* this
court said:

"In the absence of any law pointing out how that popula-
tion should be ascertained, the board of county commissioners
can determine the fact by proof, just as it can determine any
other fact necessary for the discharge of its duties. By the
act of March 18, 1901, § 1 of the act of March 20, 1890,
was amended in several particulars, and all reference as to
how and by what means the population should be ascertained
was omitted. This omission leaves this last act without force,
unless the boards of county commissioners or the courts are
authorized to ascertain the population. The enactment of the
law of March 18, 1901, without reference to the mode of as-
certaining the population of classified counties, strengthens
the view we have adopted in this case that it was the inten-
tion of the legislature to leave that matter, as incident to its
duties, with the board of county commissioners, and the courts
in case the action of the board of county commissioners was
questioned. We think that the court below was justified in
receiving proof of the population of Skagit county *in Novem-
ber, 1900, when the county clerk was elected,* and that he was
entitled to be paid by the board of county commissioners ac-
cording to the population of Skagit county, and that the
Federal census for 1900 is competent evidence to prove this
population; . . .."

It was thus determined that, for the purpose of ascertain-
ing the class to which a county properly belonged and fixing
salaries, the county commissioners and superior court were
authorized to determine the population as it existed when the
county officers were elected, and that they should be com-
pensated accordingly. This court did not decide that popu-
lation might be ascertained as it existed at any other time
during a term, for the purpose of advancing a county to a
higher class and increasing the compensation of incumbent
county officers after their election and during their existing
terms. Such a holding would have required a ruling in vio-
lation of the inhibition contained in § 8, of art. 11, *supra.*
This court has repeatedly passed upon the various sections

of the constitution prohibiting any increase or decrease of the compensation of public officers during their terms or after their election, and has uniformly held that no such increase or decrease can be permitted. *State ex rel. Davis v. Clausen,* 47 Wash. 372, 91 Pac. 1089; *State ex rel. Ross v. Clausen,* 47 Wash. 607, 92 Pac. 453; *State ex rel. Funke v. Board of Commissioners,* 48 Wash. 461, 93 Pac. 920. *State ex rel. Smith v. Neal, supra,* is in harmony with all of these decisions, as it was there held that the clerk of Skagit county was entitled to compensation for his entire term based on the population, as it existed in November, 1900, the date of his election.

Our conclusion therefore is, that as the appellant's salary was $1,300 at the date of his election in November, 1902, it so remained during the term for which he was then elected, without regard to any subsequent increase or decrease in the population of Douglas county; that after his re-election in November, 1904, he was entitled to the salary of $1,350, based upon the population of 10,168, then existing, but that he was not during such second term entitled to any further advance based upon the population of 16,310, as ascertained in June, 1906. Although entitled to the advance salary of $1,350 during his second term, appellant only received $1,300 per annum, and Douglas county is now indebted to him for the additional compensation of $50 per annum for that entire second term.

The respondents do not seriously dispute this conclusion, but contend that no relief can be given in this proceeding, further contending that an application for a writ of mandate will not be granted in part and denied in part; that it must be denied *in toto* if any part of the relief demanded should be refused, and that appellant having asked for a sum greater than that to which he is entitled, can in this proceeding obtain no writ to compel the issuance of a warrant for any smaller sum. We do not think this position can be sustained.

Under our code an application for a writ of mandamus is the commencement of a civil action. It is one method of procedure for the enforcement of rights and the redress of wrongs. No alternative writ was requested or issued. The appellant has only asked that a peremptory writ be finally granted after trial. We think he is entitled to a writ in this proceeding directing the issuance of a warrant for such sum as he may be entitled to recover, even though it be less than originally asked by him. This conclusion results from former rulings of this court relative to the writ of mandamus, its functions and powers, and the proper procedure to be adopted on the trial of mandamus proceedings. *State ex rel. Brown v. McQuade*, 36 Wash. 579, 79 Pac. 207 ; *State ex rel. Barto v. Board of Drainage Com'rs*, 46 Wash. 474, 90 Pac. 660. In *State ex rel. Wolfe v. Parmenter*, 50 Wash. 164, 96 Pac. 1047, this court, by writ of mandamus, granted less relief than was demanded in the original application. *Commissioners of Highways v. Jackson*, 165 Ill. 17, 45 N. E. 1000.

The appellant insists that he is entitled to recover $200 attorney's fees from Douglas county, as his damages incurred by reason of the refusal of the county officers to allow and pay his claim. This contention cannot be sustained. The statute of this state fixes the attorney's fees that may be allowed to a successful litigant as costs in civil actions, and no additional fees for their prosecution should be allowed without statutory authority.

The judgment is reversed, and the cause remanded with instructions to grant a writ of mandate directing the issuance of a warrant to the appellant for additional salary from January 9, 1905, to January 14, 1907, at the rate of $50 per annum. The appellant will recover costs in this court and in the superior court, including statutory attorney's fees.

DUNBAR, PARKER, GOSE, MORRIS, and FULLERTON, JJ., concur.

On Petition for Rehearing.

[*En Banc.*  Decided November 5, 1909.]

Per Curiam.—Appellant has filed a petition for rehearing, in which he says:

"Appellant is entitled to interest on the total amount of his recovery from the date of rejection of his claim by the Board of County Commissioners, to wit: January 16th, 1907."

Appellant is entitled to the interest as claimed.  The opinion heretofore filed herein must be so construed, and no correction or modification is therefore necessary.

The petition will be denied.