[No. 8134.  Department One.  November 6, 1909.]

C. SMITH et al., Respondents, v. THE CITY OF CENTRALIA, Appellant.[1]

MUNICIPAL CORPORATIONS — STREETS — VACATION—ABUTTING OWNERS—RIGHTS.  An abutting property owner on a street has an interest different in kind from that of the public, where the street is vacated so as to close or affect his access, and may maintain an action to set aside an illegal vacation.

SAME—POWER OF COURTS—INVALID ORDINANCES.  The courts have power to set aside a vacation of a street, although the same is a legislative function, where the law or ordinance is invalid and an attempt to enforce it is made or threatened.

SAME—STATUTORY PROCEEDINGS—VALIDITY OF VACATION.  The vacation of a street pursuant to Laws 1901, p. 175, is invalid, where the petition was not signed by the owners of more than two-thirds of the private property abutting upon that part of the street, the notice was not given, and the ordinance vacated part of the street not described.

EMINENT DOMAIN —"PROPERTY"— VACATING STREETS — COMPENSATION.  The interest of an abutting property owner in the maintenance of the street is property of which he cannot be deprived until just compensation has been paid.

MUNICIPAL CORPORATIONS — ORDINANCE — ADOPTION — INTEREST OF COUNCILMEN.  An ordinance vacating a street is invalid where a councilman who cast the deciding vote for its passage was one of the petitioners, and would profit by its enactment.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered February 1, 1909, in favor of the plaintiffs, upon overruling a demurrer to the complaint, in an action to set aside an ordinance vacating a street.  Affirmed.

B. H. Rhodes, Geo. Dysart, and C. D. Cunningham, for appellant.

Reynolds & Stewart, for respondents.

FULLERTON, J.—The record discloses that on September 8, 1908, certain persons owning property in the city of Cen-

[1]Reported in 104 Pac. 797.

tralia petitioned the city council of that city to vacate that part of Tower Avenue, a street therein, fronting on block five of Hanson's First Addition to Centralia, for a width of six feet. Pursuant thereto the city council passed an ordinance purporting to vacate not only that part of the street requested, but also a part of the street six feet in width fronting on block one, lying immediately north of block five, for a distance of nearly five hundred and fifty feet. It was not recited in the petition for vacation that the portion of the street sought to be vacated, or the street itself, was not used by the public or the adjoining property holders, nor did it recite that any public necessity required the vacation of the street. Nor did the ordinance purporting to vacate the street make any such recitals, nor was any provision made therein, or otherwise, for compensating property holders whose property should be taken or damaged by such vacation. The record also discloses that the petitioners for the proposed vacation did not own two thirds of the private property abutting upon the street sought to be vacated, nor did the owners of two thirds of the property abutting thereon consent to such vacation. It also appeared that one of the petitioners was a member of the city council of the city of Centralia, and owned property on that part of the street proposed to be vacated, which would receive an accretion arising from such vacation; that the city council consisted of seven members, three of whom voted against the passage of the ordinance vacating the street, and four in favor of the ordinance, one of whom was the petitioning councilman whose property would be benefited by the vacation.

This action was brought by the respondents to set aside the purported vacation of the street. The plaintiffs therein are the owners of property abutting upon Tower Avenue on the side of the street opposite to that part of the street vacated. To their complaint, setting out the foregoing facts, and the further fact that their property would be damaged by the vacation of the part of the street sought

to be vacated, the city demurred, and, on its demurrer being overruled, elected to stand thereon, whereupon judgment annulling and setting aside the ordinance was entered.

The appellant first contends that the respondents have no capacity to sue; that such injuries as they will suffer by reason of the vacation of the street, while they may differ in degree, will not differ in kind from that suffered by the general public. But this position is not tenable. The rights which an owner of abutting property possesses in a street are different in kind from that possessed by one whose interest is only that of a right of way along the street. To close or partially close a street affects the right of ingress and egress to and from the property of an abutting owner, makes it possible to curtail his supply of light and air, and otherwise affects the value of his property; while a property owner whose right in the street is a mere right of way over it as one of the public does not suffer these particular injuries to his property. His loss, if any, unless the street be the only passageway from his property to the main public highways, arises from the fact that the way to and from his property is less convenient than it was before, and the courts are united in saying that this, while it may differ in degree, does not differ in kind from the injury suffered by the general public. *Ponischil v. Hoquiam Sash etc. Co.*, 41 Wash. 303, 83 Pac. 316. Where, however, the effect of closing the street or highway is to close the only passageway a property owner has from his property to the main public ways, such an owner may properly challenge the action by a suit in court, even though he be not an abutting property owner. It was so held by this court in *Smith v. Mitchell*, 21 Wash. 536, 58 Pac. 667, 75 Am. St. 858; *Dawson v. McMillan*, 34 Wash. 269, 75 Pac. 807; and in *Carl v. West Aberdeen Land & Imp. Co.*, 13 Wash. 616, 43 Pac. 890. In *Heller v. Atchinson etc. R. Co.*, 28 Kan. 625, where the question of the right to vacate a street was in question, the court said:

"Where a party owns a lot which abuts on that portion of the street vacated so that access to the lot is shut off, it

is clear that the lot owner is directly injured, and may properly challenge the action. The closing up of access to the lot is the direct result of the vacating of the street, and he, by the loss of access to his lot, suffers an injury which is not common to the public."

So in this case, while the vacation is only partial, its effect is to specially injure *pro tanto* the respondent's property, and they may therefore properly maintain an action to set aside the order of vacation.

The appellant next contends that the act of the city council in vacating this portion of the street was the exercise of a legislative function delegated to it by the legislature itself, and that the courts are without power to interfere with its exercise of the function or inquire into the manner in which it is exercised. It undoubtedly is a general rule that the courts will not interfere with an action of a body exercising legislative functions, to correct mere errors or mistakes in its proceedings, or to prevent the passage of a law or ordinance duly pending before a legislative body, because it may conceive that the law or ordinance will be ineffective if passed, but clearly the courts have power to inquire into the validity of a law or ordinance after it has passed the legislative body and an attempt to enforce it is made or threatened to the injury of the personal or property rights of the citizen. The courts have exercised this power since the foundation of the government, and it is not necessary now to enter into a discussion of the principles that are thought to justify it.

On the question of the validity of the ordinance we are clearly of the opinion that it is invalid. The law delegating to municipalities the power to vacate streets, Laws 1901, p. 175, prescribes a mode for its exercise and the conditions upon which it can be exercised. It provides that the vacation shall be made by ordinance; that the proceeding shall be initiated by a petition giving a description of the property to be vacated, signed by the owners of more than two thirds of the private property abutting upon the part of such street or alley sought to be vacated; ·that upon presentation of the

petition, the city council shall by resolution fix a time when the petition shall be heard and determined, of which hearing the city or town clerk shall give twenty days' notice by a written or printed notice set up in three of the most public places of the city or town in which the street or alley is situated, and a like notice on the street or alley. It is alleged in the complaint, and admitted by the demurrer, that these conditions were not even substantially complied with; that the petition presented did not describe the property sought to be vacated by the ordinance; that it was not signed by the owners of more than two thirds of the private property abutting upon the street sought to be vacated, or by owners of more than one eighth of such property, and that there were other defects in the proceedings. These were matters going to the power of the council to act, and without a substantial compliance with them, any ordinance of vacation based thereon must be void.

Moreover, it is alleged that the respondent's property will be specially damaged by the vacation of this part of the street, and that the amount of such damages was not ascertained or paid into court for them, and no means provided by which their damages could be ascertained. The ordinance was void for this reason. The interest an abutting property holder has in the maintenance of a street or highway is property. This property, under the constitution, cannot be taken or damaged until just compensation has been first made to the owner, or paid into court for him, unless compensation be expressly waived. Const., art. 1, § 16.

The ordinance is invalid for another reason. A councilman who cast the deciding vote for the passage of the ordinance was one of the petitioners for the ordinance, and one of the persons who would profit by its enactment. He was, therefore, in effect adjudicating his own cause, in violation of a maxim as old as the law itself.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, GOSE, and MORRIS, JJ., concur.