[No. 8602.  Department Two.  September 10, 1910.]

THE STATE OF WASHINGTON, *on the Relation of Fred N. Hallett et al., Appellant*, v. SEATTLE LIGHTING COMPANY, *Respondent.*[1]

APPEAL—DISMISSAL—CESSATION OF CONTROVERSY—MANDAMUS.  In mandamus for the installation of separate gas meters in an apartment house, the installation of one general meter pending an appeal does not work a cessation of the controversy.

MANDAMUS—ANSWER—FORM—SUFFICIENCY.  An affidavit is sufficient as an answer in mandamus, where the allegations of the complaint and alternative writ were put in issue thereby and the same was in effect an answer, and after demurrer thereto there was a trial on the merits.

GAS—CORPORATIONS—RULES.  It is a reasonable regulation of a gas company to require that its · customers owning apartment houses and desiring to install more than one meter shall provide a separate meter room on each floor or in the basement where all meters may be installed, where it appears that such an arrangement would be more sanitary, and there would be less danger of explosion in case of fire and less trouble and expense in making repairs and collections.

GAS—CORPORATIONS—RULES—WAIVER.  The waiver by a gas company of its regulations as to buildings that had already been constructed, does not estop the company from enforcing the regulations as to new buildings constructed with notice of the rules.

COSTS—ON APPEAL—MANDAMUS—RELIEF—DISMISSAL.  On appeal from a judgment denying a writ of mandamus to compel a gas company to install separate meters, the appellant cannot, in order to avoid costs, have a writ to compel the installation of one general meter, where that service was tendered the appellant and rejected at the trial below.

Appeal from a judgment of the superior court for King county, Main, J., entered May 14, 1909, dismissing an action for a writ of mandamus, after a trial on the merits before the court without a jury.  Affirmed.

[1]Reported in 110 Pac. 799.

*Keenan & Hardinger,* for relators.

*H. R. Clise* and *C. K. Poe,* for respondent.

CROW, J—Fred Hallett, Delia Hallett, and Samuel A. Martin, the relators, are the owners of a three-story building in the city of Seattle, containing twenty-seven apartments, each apartment consisting of a living room, kitchen, bathroom, and two closets. The building was piped for gas so that each apartment would have a separate service through a meter to be installed in a closet connecting with each bathroom, thus requiring twenty-seven meters. A main service pipe was installed in the basement, from which separate supply pipes extended throughout the building. The Seattle Lighting Company is a public service corporation engaged in selling illuminating and heating gas to the citizens of Seattle. When the building was about completed, the relators demanded of the lighting company that it connect the building with its mains, that it install a separate meter in each apartment, and that it furnish gas for the use of tenants. The defendant, contending that the building was not equipped with pipes in accordance with its rules for the installation of meters, refused to make the connections. Thereupon the relators applied to the superior court of King county for a writ of mandamus to compel a compliance with their demand. An alternative writ was issued and served. Upon trial a peremptory writ was denied, the action was dismissed, and a judgment for costs was entered in defendant's favor. The relators have appealed.

The respondent has moved to dismiss the appeal for the reason that the controversy has ceased. It is shown that, since the entry of the final judgment, the respondent has connected the building with its mains; that it has installed a single meter in the basement through which the entire building is served, and that the appellants and their tenants are being supplied with gas. The appellants on the trial contended that they were entitled to a separate meter in each apart-

ment, and make the same contention in this court. The installation of a single meter does not afford them all the relief to which they claim they are entitled, and which they demand in this action. It is evident that the controversy has not ceased. The motion to dismiss is denied.

Appellants insist that, after the alternative writ was issued and served, the defendant failed to interpose any proper answer or return, which they insist it was required to do under § 1018, Rem. & Bal. Code; that no answer having been made, the averments of their complaint and the alternative writ were admitted, and that their motion for a peremptory writ should have been sustained. The record shows that one Silas Hutchinson, respondent's manager, made and filed an affidavit in answer to the complaint, in which he admitted and denied certain of its allegations, and also pleaded an affirmative defense. This instrument, although entitled an affidavit, was in its substance and effect an answer. It was so construed and regarded by the trial judge. Appellants made no motion to strike the affidavit, but demurred to it orally and moved for judgment. Their demurrer and motion were both denied, and the cause was tried upon the merits. The appellants now contend that the affidavit should not have been considered as a pleading, in the absence of any formal answer. In support of this contention they cite *State ex rel. State Ins. Co. v. Superior Court*, 14 Wash. 203, 44 Pac. 131, in which this court said:

"It seems very clear that respondent has not answered in the manner required by the statute. For that reason, we are not authorized to consider the affidavits so submitted. It follows that the writ must issue if the facts set up in the petition are sufficient to authorize it."

We have examined the record in the case cited. It shows that an original application was made to this court for a writ of prohibition; that the respondent demurred to the relator's affidavit, and that no other appearance was made. No affidavit was interposed on respondent's behalf purporting to be

an answer. The affidavits mentioned in the opinion were made by third parties in support of facts not alleged and not in issue. The only issue before this court was one of law. The affidavits, in the absence of any issue of fact or any instrument purporting to be an answer, were properly ignored. The affidavit now before us is an answer in its substance and effect. Were it to be amended by striking the word "affidavit" and inserting in lieu thereof the word "answer," it would be, as we think it is now, a sufficient answer to the relators' affidavit or complaint. It was so regarded by the trial judge. The cause was tried upon the issues of fact thus raised, and there is no merit in appellants' present contention.

The affidavit which we hold to be an answer, alleged that the respondent in the conduct of its business has adopted a rule requiring its customers, owners of apartment houses or other buildings in which it is necessary to install more than one meter, to provide a separate meter room on each floor, or in the basement, where all meters may be installed. It insists that this is a reasonable rule, and that the appellants have refused to comply with it. We find that the appellants were notified of this rule before they commenced the erection of their building; that they refused to comply with it; that they so installed their plumbing as to prohibit the use of more than one meter without its violation, and that, prior to the commencement of this action, the respondent offered to install a single meter in the basement and supply gas to appellants and their tenants, but that they insisted upon the installment of twenty-seven separate meters located in the several apartments. There is a sharp conflict in the evidence, but the oral opinion of the trial judge, which is incorporated in the statement of facts, and the recitals of the judgment show that he also found the facts as above stated.

"A gas company may, in the discharge of its duties to the consumer, govern its action by reasonable rules and regulations, and when it has done so all persons dealing with it, as

well as the company itself, must yield obedience thereto. Since, however, the business of supplying gas to consumers as generally conducted is effected with a public interest, the rules and regulations of a gas company must be applicable to all consumers alike." 20 Cyc. 1162.

The controlling question on this appeal is whether the rule adopted by the respondent is a reasonable one. The trial court found that it is, and from all the evidence we conclude that the finding must be sustained. Evidence was introduced by the respondent sufficient to show that it would be a much more sanitary arrangement to locate the meters in one enclosed room than to distribute them throughout the various apartments as demanded by appellants; that there would be less danger of explosions in case of fire; that leaks in the various pipes located in partitions throughout the building could be more readily found; that repairs in pipes serving the separate apartments could be made without interrupting the supply of gas to any apartment other than the one where the repair might be needed, thus avoiding unnecessary inconvenience to tenants; that collections from prepayment meters could be more readily and easily made, and that the high city pressure, which would not extend beyond the meters when installed, could be confined to the main service pipes. Although the evidence on these various points was in sharp conflict, the trial judge accepted and credited that offered on behalf of the respondent, and we cannot conclude that he erred in so doing. His conclusion that the rule was a reasonable one and should be enforced must be sustained.

Appellants contend that the respondent has not uniformly enforced the rule in question; that it has waived compliance in a number of cases, and that it cannot enforce it against one consumer unless it does so against all. The evidence does not sustain this contention. The rule has been in existence only one or two years. Some consumers had piped their buildings for meters in separate apartments before being informed of its adoption by respondent, or having any knowl- .

edge thereof. Under these circumstances, the respondent did in a few instances waive the rule, but it has invariably refused to do so where the consumer had notice of the regulation before piping his building, as the appellants undoubtedly did in this case. The rule is being strictly enforced.

Appellants now insist that in any event they were entitled to a writ of mandamus compelling the respondent to make a connection with its mains, to install a single meter, and to supply appellants and their tenants with gas; that the trial court erred in dismissing the action, and that a peremptory writ should have been issued affording relief to this extent, although not all the relief demanded. There is no doubt but that less relief can be awarded by writ of mandate than was originally demanded, where the relator is entitled to such partial relief. *State ex rel. Maltbie v. Will,* 54 Wash. 453, 103 Pac. 479, 104 Pac. 797. The record before us shows, and the trial court found, that prior to the commencement of this action, and again on its trial, the respondent offered to connect the building with its mains, to install a single meter and to furnish gas. The appellants, in effect, rejected this offer by proceeding with the trial upon the theory that they were entitled to a writ compelling the installation of twenty-seven separate meters in the manner demanded. They are in no position to now insist upon a reversal for the purpose of avoiding costs. Upon the filing of the remittitur, they may if they so desire, but without costs to respondent, have an order entered requiring a continuance of the service and supply through the single meter which is now installed.

The judgment is affirmed.

Rudkin, C. J., Parker, Mount, and Dunbar, JJ., concur.