[No. 10640. Department One. April 8, 1913.]

ALPHA CORMAN, *Respondent*, v. THOMAS SANDERSON et al., *Appellants.*[1]

LANDLORD AND TENANT—UNLAWFUL DETAINER—ACTION ON BOND—DEFENSES—SURRENDER. The defendant in an action of unlawful detainer did not voluntarily surrender the premises, so as to preclude action on the bond for restitution, where she failed to have entered an order increasing the plaintiff's bond, after the court had granted a motion therefor, and the plaintiff took advantage of the situation, stood upon the bond already given, and directed execution of the writ, whereupon the *defendant moved out* under the threat that her goods would be thrown into the street.

[1]Reported in 131 Pac. 198.

SAME—UNLAWFUL DETAINER—ACTION ON BOND—PRIMA FACIE CASE.
In an action upon a bond for restitution given in an unlawful de-
tainer action, the fact that the plaintiff in unlawful detainer volun-
tarily dismissed his action is *prima facie* sufficient to show that the
writ was wrongfully sued out; and authorizes a recovery where it
was further shown that plaintiff was in possession under a lease
from one authorized to make it.

SAME—LIABILITY ON BOND—ELEMENTS OF DAMAGE.  In an action
upon a bond for restitution, given in an unlawful detainer action in
which the tenant was ousted of possession, the plaintiff may recover
as elements of damage the amount of advance rents paid, damages on
account of the removal, and attorney's fees paid for successfully de-
fending the unlawful detainer action.

Appeal from a judgment of the superior court for King
county, Main J., entered April 6, 1912, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action on a bond.  Affirmed.

*Howard Waterman*, for appellants.

*Brady & Rummens*, for respondent.

MOUNT, J.—This action was brought to recover upon a
bond given by the defendants in an action for unlawful de-
tainer.  The plaintiff recovered a judgment, and the de-
fendants have appealed.

The facts are as follows:  In September, 1909, the plain-
tiff was in possession of a house and lot under a lease which
was of record and which expired by its terms on May 31,
1910.  She had made a deposit of $250 under the terms of
her lease, which was to be applied upon the rent for the last
six months, the rental for that time being $45 per month.
The defendant Sanderson acquired the property while plain-
tiff was in possession.  On November 2, 1909, he began an
action against the plaintiff wherein he alleged, that she was
a tenant from month to month; that he had served notice
upon her to quit the premises; that by reason thereof the
tenancy had been terminated, and that she was unlawfully
detaining the possession of the property, and prayed for a

restitution thereof. Upon motion of the plaintiff in that action, the court entered an order for a writ of restitution upon the plaintiff's giving a bond to defendant therein in the sum of $500. The bond was given, with the defendants Keating and Ostrom in this action as sureties upon the bond. This bond provided that "said plaintiff shall prosecute his action without delay, and pay all costs that may be adjudged to defendant therein, and all damages which she may sustain by reason of said writ of restitution having been issued should the same be wrongfully sued out." The writ was thereupon issued and served by the sheriff of King county upon the defendant in that action, on November 4, 1909.

A day or two later, the defendant in that action filed a motion to have the penalty in the bond increased. Upon a hearing of that motion it was granted, but the order was not entered, and the plaintiff therein did not give a new bond, but afterwards notified the defendant in that action that, unless she moved out, her goods would be thrown into the street. Thereafter, in accordance with the writ and these threats, she moved out of the premises. She thereafter filed an answer in the cause and issues were joined. In April, 1911, the case came on for trial to the court with a jury. After evidence was heard, the plaintiff in that action took a voluntary nonsuit and dismissed the action. At that time the defendant's lease had expired, and she was not restored to the possession of the premises. She had been kept out of the use of the premises by reason of said writ of restitution. She thereupon brought this action to recover upon the bond, with the results stated above.

It is argued by the appellants that, after the court had sustained a motion for an increase of the penalty of the bond for the writ of restitution, the writ, though previously served, became ineffective, and that when the plaintiff in this action moved out after service of the writ and surrendered possession of the premises, she did so voluntarily, and therefore is not entitled to recover upon the bond. This posi-

tion would probably be sound if the order increasing the bond had been entered, and the appellants in this action had not stood upon the bond already given and thereafter notified the respondent in this action that, if she did not move out, her goods would be thrown into the street. In other words, the plaintiff in this action, being the defendant in the former action and the moving party therein, did not have the order entered. The plaintiffs in that action, being the defendants in this action, took advantage of that situation, and stood upon the bond already given and directed the execution of the writ. The respondent here waived her right to insist upon a new bond, and in obedience to the writ and the threat made by the appellants, moved out of the premises. We think this was not a voluntary surrender of the premises.

Appellants next argue that the court erred in allowing damages, because respondent did not prove any right to possession of the premises or any damages. The conceded fact that the plaintiff in the action in which the bond was given took a voluntary dismissal thereof at the trial of that action is *prima facie* sufficient to show that the writ was wrongfully sued out. But in addition to that fact, it was shown that the respondent had a lease of record from one authorized to make a lease, and that she was in possession holding under that lease. The appellants knew that fact at the time the writ was sued out. The evidence shows, and the court found, that the respondent had paid $225 advance rent, and that she was damaged $50 on account of the removal and $100 for attorney's fees in successfully defending the unlawful detainer action. These were proper items to be allowed.

The judgment is therefore affirmed.

CROW, C. J., CHADWICK, GOSE, and PARKER, JJ., concur.