[No. 13317.    Department One.    August 4, 1916.]

E. O. GABRIELSON, *Respondent*, v. HENRY J. GORIN, *Appellant*.[1]

ATTORNEY AND CLIENT—COMPENSATION—CONTRACT OF EMPLOYMENT —CONSTRUCTION—EXTRA WORK—NOTICE TO CLIENT. Where an attorney agreed to foreclose a chattel mortgage for $100, and pending the foreclosure, a settlement was made by an agreement extending the time of payment, the attorney cannot recover extra compensation for preparing the contract of settlement, in the absence of any claim or notice to the client at the time that such work was extra work not included in the original contract of employment.

SAME—COMPENSATION—COSTS. The statute not having provided for the allowance of attorney's fees in a special proceeding for the substitution of attorneys, none can be allowed beyond the statutory fees allowed a successful litigant as costs.

Appeal from a judgment of the superior court for King county, Frater, J., entered September 22, 1915, upon findings in favor of the plaintiff, disallowing an attorney's lien, in a proceeding for the substitution of attorneys, tried to the court. Affirmed.

*J. W. Russell*, for appellant.

*Peterson & Macbride*, for respondent.

MOUNT, J.—This is a proceeding for the substitution of attorneys. The appellant consented to the substitution, but claimed a lien upon papers in his possession for unpaid fees,

[1]Reported in 159 Pac. 387.

amounting to something more than $900. Upon a trial of the case to the court, the appellant was allowed the sum of $50 in addition to what had already been paid him, and a judgment was entered against the respondent to that effect. This appeal is from that judgment.

It appears that, in February, 1915, the respondent employed the defendant to foreclose two mortgages; one, a mortgage upon real estate situated in Kitsap county, and the other, a chattel mortgage upon property located in King county. It was agreed at that time that the appellant, Mr. Gorin, would foreclose these mortgages for $100 each, but that, if upon the foreclosure the attorney's fees provided for in the notes were collected, then Mr. Gorin should have the attorney's fees therein provided, and should return the fee paid by the respondent. Thereupon the respondent advanced to Mr. Gorin $75.

Afterwards a complaint was prepared to foreclose the real estate mortgage, but this complaint was never filed. The chattel mortgage foreclosure was proceeded with and a defense was interposed. When the defense was interposed, an application was made for the appointment of a receiver of the chattels. Thereafter an agreement was made by the parties interested in the chattels for further time. A contract was entered into, and an attorney's fee of $135 was paid to Mr. Gorin; and some real property was deeded to the mortgagee. Thereafter the mortgagee was not satisfied with the conduct of the case by Mr. Gorin, and requested that other attorneys be substituted in his stead. To this, Mr. Gorin consented, but claimed that he had done extra work in the chattel mortgage foreclosure, and demanded additional fees therefor. The additional fees were demanded upon the ground that the settlement of the chattel mortgage foreclosure case by the extension of time for the payment of the mortgage was extra work not contemplated at the time the contract of foreclosure was entered into, and evidence

was introduced to the effect that this extra work was worth from $900 to $1,200.

The question presented here is whether the appellant was entitled to an extra fee for this work. There is no dispute in the record that, at the time the mortgages were placed in the hands of Mr. Gorin for foreclosure, an agreement was entered into to the effect as above stated. And it is conceded that, while this foreclosure was pending, the settlement above mentioned was entered into. It is not claimed, as we understand the record, that Mr. Gorin at any time notified Mr. Gabrielson that the work he did in preparing the contract of settlement for the extension of time was extra work under his contract. We think the rule in cases of this kind is well stated in *Isham v. Parker*, 3 Wash. 755, 767, 29 Pac. 835, to the effect that where an attorney performs any unusual professional services "where there was no further understanding or request, and where there was nothing to show that it was understood by the client that such services were outside of or in addition to the services provided for by the contract of employment, the attorney should be precluded from recovering anything in excess of the contract price."

It was the duty of the attorney, at the time these services for which he claims extra compensation were being performed, to notify his client that such services were without the contract of employment, and in the absence of such information, he ought not to recover therefor. We think the trial court was liberal in allowing $50 in addition to the money which the appellant had already received.

It is next claimed by the appellant that he should have been allowed an attorney's fee in this proceeding. The statute does not authorize an allowance as an attorney's fee in the conduct of this special proceeding.

"The statute of this state fixes the attorney's fees that may be allowed to a successful litigant as costs in civil actions, and no additional fees for their prosecution should be

allowed without statutory authority." *State ex rel. Maltbie v. Will,* 54 Wash. 453, 103 Pac. 479, 104 Pac. 797.

See, also, *Spencer v. Commercial Co.,* 36 Wash. 374, 78 Pac. 914; *Criswell v. Directors School Dist. No. 24,* 34 Wash. 420, 75 Pac. 984; *Legg v. Legg,* 34 Wash. 132, 75 Pac. 130; *Trumble v. Trumble,* 26 Wash. 133, 66 Pac. 124; *Larson v. Winder,* 14 Wash. 647, 45 Pac. 315.

The judgment is affirmed.

MORRIS, C. J., ELLIS, CHADWICK, and FULLERTON, JJ., concur.