[No. 20855.   Department Two.   March 27, 1928.]

J. A. ENBODY et al., Respondents, v. HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant.[1]

[1] FORCIBLE ENTRY AND DETAINER (12)—DAMAGES. Deprivation of the use of premises is not an element of damages in an action of forcible entry and detainer, where there was a waiver of the right of possession by reason of failure of the complaint to ask a restoration of possession of the premises.

[2] COSTS (40)—ATTORNEY'S FEES—RIGHT TO RECOVER. In the absence of a statute authorizing it, the successful party in an action of forcible entry and detainer is not entitled to recover the cost of his attorneys' fees as an element of his damages.

Appeal from a judgment of the superior court for Lewis county, Chapman, J., entered May 13, 1927, upon findings in favor of the plaintiffs, in an action for damages for wrongful eviction. Reversed.

*Rice & Stinson,* for appellant.

*O. A. Tucker,* for respondents.

FULLERTON, J.—In the early part of the year 1923, and for some time prior thereto, Sarah B. Stewart was the owner of a tract of land situated in the city of Chehalis, on which was a dwelling house partially equipped with furniture. Mrs. Stewart resided in the state of California and desired to sell the property, and had listed it for sale with A. E. Judd, a real estate broker, residing at Chehalis. On February 13, 1923, Mr. Judd sent to Mrs. Stewart the following telegram:

"Have offer of $3,250, dwelling and furniture, seven hundred fifty cash, interest on balance, seven per cent, payable monthly. Monthly payments twenty-five dollars, but only interest to be paid first six months. I would take it. Wire me."

[1]Reported in 265 Pac. 734.

To this, Mrs. Stewart answered, under date of February 14, 1923, as follows:

"Accept offer but place loan of one thousand dollars and let buyers assume, you can arrange particulars, but want that much cash."

On the same day, Mr. Judd, purporting to act for Mrs. Stewart, contracted to sell the property to the respondent J. A. Enbody, on terms evidenced by the following receipt:

"Received from J. A. Enbody, fifty and no-100 dollars, initial payment on lot 7 and east half of lot 8, block 16, Barrett's Addition to Chehalis, Wash.

"Purchase price $3,250.00, Terms, $750.00 cash, balance $25.00 per month, interest 7% per annum on deferred payments, payable monthly. Monthly payments to begin on September 15th, 1923, on balance of purchase price."

Mr. Judd had possession of the keys to the dwelling house and at once let Mr. Enbody into possession. Later, he prepared a formal contract in accordance with the terms of sale recited in the receipt, and sent it to Mrs. Stewart for execution. This she refused to do, for the asserted reason that the sale was not made on the terms authorized by her. Mr. Judd was unable to adjust the matter, and, later on, Mrs. Stewart came to Chehalis for that purpose. She was likewise without success in making an adjustment, and on March 30, 1923, she served a notice, under the statute of forcible detainer, on the respondents Enbody to quit and surrender the premises. The respondents did not heed the notice; whereupon, on April 11, 1923, she brought an action of forcible detainer against the respondents, and caused the usual summons in such cases to be served upon them. They did not, however, apply for a writ of restitution until June 12, 1923, at which time they gave the statutory bond with the ap-

pellant, Hartford Accident & Indemnity Company, as surety, caused the writ to be issued and served upon the respondents. Two days later the respondents, acting in response to the writ, removed from the premises.

Later on, the respondents answered to the complaint in the forcible detainer action. In the answer, they did not seek a restoration of the property to them, but sought to recover in damages as for a wrongful eviction, and to recover the sum paid the broker ($50) at the time of the execution of the contract of sale. Mrs. Stewart took issue on the answer and a trial was had before the court sitting without a jury. On the issues, the court found that the contract entered into was obligatory upon Mrs. Stewart, and that the eviction was wrongful. It refused to assess the damages caused by the eviction, concluding that such damages could be recovered only by an independent action brought upon the bond. It did, however, allow a recovery for the sum paid the broker, entering a judgment in favor of the respondents for that sum with costs. This judgment Mrs. Stewart paid and satisfied.

The action now before us was instituted by the respondents against Mrs. Stewart and her bondsman to recover in damages as for a wrongful eviction. Mrs. Stewart was not within the jurisdiction of the court and service was had only upon the bondsman. It appeared and answered, denying the allegations of the complaint with respect to the damages alleged. The cause was tried to the court sitting without a jury, and resulted in a judgment in favor of the respondents for the sum of $510, with costs. It is from this judgment that the present appeal is prosecuted.

In their complaint, the respondents set up four separate causes of action. As to the first two of these, the trial court found against them, and, since they have

not themselves appealed, they require no further consideration.

The third cause of action was for the loss of the use of the premises between the time of the eviction and the time of the trial of the present action, a period of fourteen months. On this cause, the court allowed a recovery in the sum of $420. The fourth cause of action was for their reasonable attorney's fees expended in defending the first action. On this cause, the court allowed a recovery of $90.

[1] It is our opinion that the court was in error in its conclusions on both causes of action. As to the first of the causes of action, it will be remembered that the respondents did not, in their defense to the forcible detainer action, ask to be restored to the possession of the premises. They acquiesced in the proceeding, in so far as it sought to determine their right of possession. It must follow, therefore, that deprivation of the use of the premises was not an element of damage recoverable in the present action. The failure to ask to be restored to the possession was a waiver of the right of possession, and likewise a waiver of the right to recover because of a deprivation of possession.

It may be that, if the court was correct in its holding that a valid contract of sale of the premises had been entered into between Mrs. Stewart and the respondents, the respondents could recover against her, notwithstanding their acquiescence in the eviction proceedings, for the loss suffered by them because of a breach of the contract; that is to say, could recover for the losses they suffered by being deprived of the benefit of their bargain, but to this action she would be the sole party and the recovery must be had against her individually. It would not be a damage for which the bondsman was liable.

The case of *Sunday v. Moore,* 135 Wash. 414, 237

Pac. 1014, is cited as supporting the holding of the trial court; but we think it must be because of a misapprehension of the purport of the decision. In that case, the plaintiffs Sunday were in the quiet and peaceable possession of certain premises. Moore and others, during their temporary absence, took possession of the premises, removed their effects therefrom, and refused to allow them to enter on their return. The Sundays instituted proceedings under the forcible entry and detainer statutes to recover possession. They were successful in the proceedings, and the court, as a part of their recovery, allowed them the value of the use of the premises for the time they were wrongfully deprived of them. These are not the facts presented here. As we say, the respondents in this instance did not seek to be restored to possession after the eviction, and there was no judgment restoring them. Manifestly, we think the cases are in no manner parallel.

[2] Nor were the respondents entitled to recover for the attorney's fees expended in the defense of the first cause of action. The statute (Rem. Comp. Stat., § 481) [P. C. § 7462] allows, in all cases, to the prevailing party certain specified sums called attorney's fees to be taxed as costs, and in certain other instances it provides specially for the recovery of attorney's fees expended in a former action to be recovered in another (see Rem. Comp. Stat., § 654) [P. C. § 7386]. But the general rule, in the absence of statute, is not to allow such a recovery. *Lovell v. House of the Good Shepherd,* 14 Wash. 211, 44 Pac. 253; *State ex rel. Maltbie v. Will,* 54 Wash. 453, 103 Pac. 479, 104 Pac. 797; *Gabrielson v. Gorin,* 92 Wash. 408, 159 Pac. 387. An exception is made in the instance where the damages sought are for the wrongful issuance of an injunction, but this is so hedged about with limitations as to make the rule inapplicable to other situations.

More than this, the rule is one that the court does not desire to extend.

The judgment is reversed, and remanded with instructions to enter a judgment to the effect that the respondents, plaintiffs below, take nothing by their action. Costs will follow according to the usual rule.

MAIN, HOLCOMB, and ASKREN, JJ., concur.