[No. 27494.   Department Two.   October 10, 1939.]

FRANCES A. EASTERBROOKS, *Respondent,* v. ALBERT ABRAHAMS *et al., Appellants.*[1]

*Eggerman & Rosling, Walser S. Greathouse,* and *Evert Arnold,* for appellants.

*John J. Kennett* and *Fred C. Campbell,* for respondent.

GERAGHTY, J.—The plaintiff sued upon a restitution bond for recovery of damages sustained by reason of wrongful eviction from premises occupied by her under lease.   After trial to the court, a judgment was

[1]Reported in 94 P. (2d) 486.

rendered in her favor against the defendants, principal and surety on the restitution bond. The defendants appeal.

The judgment awarded the respondent four hundred dollars for direct loss suffered by the eviction, two hundred fifty dollars for attorneys' fee incurred in defending the unlawful detainer action, and one hundred fifty dollars as an attorneys' fee in the present action on the bond.

The appellants assign error upon the allowance of both items of attorneys' fees, as well as upon the insufficiency of the evidence to sustain the judgment in respect of the amount awarded for direct damages resulting from the eviction.

Upon institution of the unlawful detainer action, Abrahams, plaintiff in that action, appellant here, caused to be issued a writ of restitution, which was quashed on the application of the defendant in that action, respondent here. The complaint was amended and an alias writ issued, under which the respondent was evicted from the premises. At the subsequent trial on the merits, the court dismissed the action with costs to the respondent.

The appellants contend that there is no warrant in law for the allowance by the court of attorneys' fees, either in the unlawful detainer action or in the present action on the bond, other than the fees provided in Rem. Rev. Stat., § 481 [P. C. § 7462], as costs, and cite, in support of their position, *Enbody v. Hartford Accident & Indemnity Co.*, 147 Wash. 237, 265 Pac. 734. The respondent, on the other hand, relies in support of the judgment upon *Corman v. Sanderson*, 72 Wash. 627, 131 Pac. 198. Other than these two cases, which are in seeming conflict, our attention is not called to any direct holding by this court upon the question.

The rule stated in *State ex rel. Maltbie v. Will,* 54 Wash. 453, 103 Pac. 479, 104 Pac. 797, that the statute

". . . fixes the attorney's fees that may be allowed to a successful litigant as costs in civil actions, and no additional fees for their prosecution should be allowed without statutory authority,"

has been repeatedly reaffirmed. The allowance of fees in suits upon injunction and garnishment proceedings in certain cases is an exception to this rule, to which reference will hereafter be made. The statute governing attachments specifically provides for the allowance of such fees as damage in actions upon attachment bonds. Rem. Rev. Stat., § 654 [P. C. § 7386].

In the *Enbody* case, as in this, there had been a wrongful ouster in a detainer action. In a suit for damages upon the restitution bond, the trial court awarded the plaintiff an attorney's fee, as an item of damage, for successfully defending the action. In stating the ground upon which this allowance was made, that court, in its memorandum opinion, said:

"The original suit was wrongfully brought and the plaintiffs herein were compelled to defend against it, which they did successfully. The bonding company well knew the plaintiffs would be compelled to employ an attorney if they resisted the suit. They are entitled to recover reasonable attorneys fees paid therefor before the commencement of this action, as part of the damages sustained, for this was an expense directly necessitated by Mrs. Stewart's unlawful action. A bond was given to indemnify loss sustained by such action, if wrongful. The plaintiffs allege that in defending the detainer suit they were compelled to and did employ an attorney at an expense of $100.00. $10.00 attorneys fee was taxed in that suit, so he should recover as damages on this account $90.00."

Passing upon the allowance of attorney's fees below, this court said:

"Nor were the respondents entitled to recover for the attorney's fees expended in the defense of the first cause of action. The statute (Rem. Comp. Stat., § 481) [P. C. § 7462] allows, in all cases, to the prevailing party certain specified sums called attorney's fees to be taxed as costs, and in certain other instances it provides specially for the recovery of attorney's fees expended in a former action to be recovered in another (see Rem. Comp. Stat., § 654) [P. C. § 7386]. But the general rule, in the absence of statute, is not to allow such a recovery. *Lovell v. House of the Good Shepherd,* 14 Wash. 211, 44 Pac. 253; *State ex rel. Maltbie v. Will,* 54 Wash. 453, 103 Pac. 479, 104 Pac. 797; *Gabrielson v. Gorin,* 92 Wash. 408, 159 Pac. 387. An exception is made in the instance where the damages sought are for the wrongful issuance of an injunction, but this is so hedged about with limitations as to make the rule inapplicable to other situations. More than this, the rule is one that the court does not desire to extend."

In *Corman v. Sanderson, supra,* relied on by the respondent, the court affirmed a judgment of the superior court which included an item of one hundred dollars for attorneys' fees in successfully defending an unlawful detainer action. In the course of the opinion, it is said:

"The evidence shows, and the court found, that the respondent had paid $225 advance rent, and that she was damaged $50 on account of the removal and $100 for attorneys' fees in successfully defending the unlawful detainer action. These were proper items to be allowed."

It seems to have been assumed by the parties that, if the defendant in the unlawful detainer action had made a valid agreement for reasonable attorneys' fees, such fees were allowable. In the respondent's brief in that case, it is said:

"It is not urged but that respondent is entitled to recover attorney fees if she had obligated herself to pay attorney's fees."

In announcing its decision in the present case, the trial court said that it considered the allowance of fees as being ruled by *Corman v. Sanderson* rather than by the *Enbody* case, characterizing the latter case as being so obscure that the court was not persuaded it overruled *Corman v. Sanderson.* Unlike the *Corman* case, the right to the allowance of fees was challenged both in the trial court and here in the *Enbody* case; and, while this court did not, in terms, overrule the earlier case, it did so by implication in the language we have quoted.

Attorney's fees are sometimes allowed in garnishment proceedings without express statutory authority, on the supposed analogy between that proceeding and injunctions and attachments. This analogy is referred to in *James v. Cannell,* 135 Wash. 80, 237 Pac. 8, where the court refers to the reason given for the allowance of attorneys' fees in actions on injunction bonds in 2 High, Injunctions (3d ed.), 1685, and continues:

"If attorney's fees may be collected as a part of the damages for the wrongful issuance of an injunction or attachment, there is no reason that we can see why they should not also be recoverable in the wrongful levy of a writ of garnishment."

The court also said that, without statutory authorization, attorneys' fees in actions on bonds in attachment cases would be allowable as part of the damages.

The position of the respondent seems to be that, since attorneys' fees are allowed in actions on garnishment bonds by reason of their analogy to injunction bonds, and would be allowable in actions on attachment bonds, even if the statute did not so provide, the analogy should be carried one step further to include actions on restitution bonds. This, the *Enbody* case said, in effect, the court did not desire to do. The *Enbody* case, later in time than *Corman v. Sanderson,* states the cor-

rect rule, and we deem it controlling here on the allowance of attorneys' fees as an element of damages in the unlawful detainer action.

What we have already said applies, with stronger reason, to the allowance of an attorneys' fee for prosecuting the present action on the bond. The court allowed the fee on the authority of cases where fees had been allowed in attachment and garnishment cases. We have been cited to no cases where an attorney's fee has been allowed for prosecuting a suit on a restitution bond. As we have already seen, the court is committed against extending the doctrine of analogy to include unlawful detainer actions.

The court allowed the respondent four hundred dollars as damages for the wrongful eviction. We cannot, upon the record, say that the court was not warranted in making this allowance. The respondent had purchased the furniture in a small hotel from the appellant Abrahams for two thousand five hundred dollars, paying in cash and property twelve hundred dollars and giving a mortgage on the property, payable in monthly installments, to secure the balance of the purchase price. At the time of the purchase, the appellant held the premises under a lease, which, by its terms, expired before the institution of the unlawful detainer action. At the expiration of the lease, the premises were occupied on the basis of a month to month tenancy. Whether the respondent was a tenant of Abrahams's or a tenant of the owner, was a principal issue in the case. The trial court decided that she was not a tenant of Abrahams's, and that his eviction of her was wrongful.

While respondent was in default on the mortgage and her financial condition may have been precarious, she had an equity in the business which was destroyed by the ouster. The extent to which she was damaged

was a question of fact to be decided by the trial court upon the evidence. The evidence does not preponderate against its finding.

The cause is remanded to the superior court, with direction to modify the judgment by eliminating therefrom the two items of attorneys' fees which we have discussed. As so modified, the judgment will be affirmed.

BLAKE, C. J., BEALS, SIMPSON, and ROBINSON, JJ., concur.