BURNS PHILP (SOUTH SEAS) COMPANY, LTD.
AND AMERICAN SAMOA GOVERNMENT, Appellants,
v.
HTC MEAUTA O. ATUFILI MAGEO, Appellee.

High Court of American Samoa
Appellate Division

AP No. 13-82

May 29, 1983

Before MURPHY, Associate Justice, presiding, KING*, Acting Associate Justice, WILKINS**, Acting Associate Justice, FAISIOTA, Associate Judge, and TA'IAU, Associate Judge.

PER CURIAM.

HTC Meauta O. Atufili Mageo, plaintiff/appellee, brought suit to recover a small portion of communal land previously conveyed to Burns Philp though the Government of American Samoa. Burns Philp and the Government of American Samoa, defendants below, appeal from an order and judgment denying its motion for a new trial.

The facts of this case are not disputed. Burns Philp is a business enterprise located on a small plot of freehold land. Prior to 1968, the building was in a dilapidated and unsafe condition, and was located too near

the road. Plans to tear down and rebuild the fixture were made, and ultimately approved by the government. The new building was to be set back from the road except that it would encroach on slightly less than 1/4 of an acre of Mageo family land.

The governor consulted with the Attorney General to determine a method by which the communal land could be alienated so that the new building could be constructed. The Attorney General concluded that the government should purchase the land and reconvey it to Burns Philp. A sale price of $7,500 was negotiated for the .236 acres. A lone dissenter relented and approval of the Mageo family became unanimous. The governor inspected the land, which has an 80 degree slope, determined that it was of no use to the Mageo family, and approved the transaction as recommended by the Land Commission. Burns Philp tendered the sum, and the land was deeded to the government then to Burns Philp.

On March 20, 1979, Plaintiff/Appellee brought suit alleging that the transactions were illegal and seeking to cancel the instruments and recover the land. Burns Philp raised certain affirmative and equitable defenses, asking the Court for summary judgment and dismissal.

Written memoranda were submitted to the Court. After a hearing, the Court, per Chief Justice Richard Miyamoto, denied the motions. Defendant's motions for reconsideration or certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure were also denied. The Appellate Division affirmed the trial court and remaned the case for trial.

Trial was held on March 18 and 19, 1980. After submission, the court issued a judgment nullifying the deeds and returning title in the property to the Plaintiff. The judgment was based upon a finding that the deeds were void and the transaction illegal because the land was not purchased for a proper governmental purpose and because the statute authorizing corporations to own land had not at that time been passed by two successive legislatures by a two thirds majority vote. A similar statute, properly promulgated, became effective in February 1982.

The issues presented by this appeal have not been precisely stated by Counsel. A proper determination requires consideration of the following questions:

1. May communal land be transfered to the government upon terms fair to and unanimously approved by the family?

2. Is the purchase of land for resale to a corporation in order to advance safety, economic, and esthetic interests pursuant to a proper government purpose?

3. May the Government of American Samoa sell communal land which it has acquired to a corporation which is not owned exclusively by native Samoans?

4. What is the legal effect of and who may challenge the government's attempt to convey land in a manner inconsistant with statute?

ASCA section 37.0204, Restrictions on alienation of land, formerly ASC section 1282 (1949) provides in pertinent part:

> (d) This section does not prohibit the conveyance and transfer
> of native land for governmental purposes to the United States
> Government or to the government of American Samoa or to a
> lawful agent or trustee thereof, or the coneyance and transfer,
> in the discretion and upon the approval of the governor, to an
> authorized, recognized religious society, of sufficient land for
> erection thereon of a church, or dwelling house for the pastor,
> or both; provided that the reconveyance and retransfer of

such land shall be to native Samoans only and in the discretion and upon the approval of the governor.

The first issue is thus answered in the affirmative. The government of American Samoa may purchase communal land. The second issue must also be answered in the affirmative.

The government may purchase land to resell it where the resale would further valid policy interests in promoting safety, economic development, and esthetic improvement. See Hawley v. South Bend Dept. of Redevelopment, 383 N.E. 2d 333, 340-41 (Ind. 1978); Anderson v. O'Brien, 524 P. 2d 390, 394 (Wash. 1974); Carman v. Hickman, 215 S.W. 408, 411 (KY. 1919). This does not mean however, that the government may actually resell the land that it has purchase for resale to any person.

As ASCA section 37.0204(d), and its predecessor, ASC section 1282 (1949) makes clear, communal land acquired by the government may not be alienated to other than native Samoans. Regardless of the wisdom of the statute, it dictates a negative response to the third issue. The government could not lawfully resell the land in question to Burns Philp. The last issue raised in this appeal is determinative of the rights and liabilities of the parties.

When a government acts in a manner which is barred by statute, the action is ultra vires. Generally, a fully executed, not otherwise illegal, ultra vires contract will be enforced, and a party who has benefited therefrom will be estopped from asserting its ultra vires nature, See generally Henn, Law of Corporations, section 184 at 352 (ultra vires doctrine). The instant case, however, involves government action proscribed by statute. Certainly, the party from whom the land was originally acquired has a sufficient nexus with the subsequent illegal transaction to raise the issue in a lawsuit in that the original transaction may not have been entered into had the government's intent been known. The facts and circumstances of the instant case, however, demonstrate that Plaintiff/Appelle's privies were aware of the intended disposition by the government. As such, the government's illegal transfer may not be asserted as a basis for rescinding the transfer of Mageo family land to the Government of American Samoa.

In determining the present status of the disputed land, it is incumbent upon the court to uphold, as much as possible, the legitimate objectives of valid government policy. Cf. Alston Studios, Inc. v. Lloyd V. Gress & Assoc., 492 F. 2d 279, 285 (4th Cir. 1977); School Dist. No. 37, Clerk County Wash. v. Isackson, 92 F. 2d 768 (9th Cir.), Cert. denied 303 U.S. 636 (1937). It is apparent that in the case at bar, the government intended to transfer all the interest in the land that it was capable of conveying in order to advance economic, safety, and esthetic interests. While the government may not sell native land which it has acquired, the same may be leased. When the government and Burns Philp attempted to transfer as much interest as possible in the land they were actually entering into a lease agreement for the maximum term then applicable.

ASC section 1283 (1949) provides that native land may be leased to any person for any term not exceeding 30 years. In 1978, that statute was amended to proscribe a lease exceeding 55 years. See ASCA section 37.0221(a). But the amendment cannot apply to a prior transaction. The attempted sale thus resulted in a 30 years lease of native land to Buns Philps by the Government of American Samoa.

The decision of the Court below is modified. The disputed land will revert back to the Government of American Samoa after 30 years from the date of execution of the quitclaim deed to Burns Philp.

MURPHY, Associate Justice, specially concurring.

At the expiration of the 30 year lease (approximately 1998) if the reason for the original taking is no longer valid, the property must revert to the Mageo family. In the event, this occurs sooner, the property should also revert to the family. If the Government re-negotiates the lease, any rental received thereunder should be paid to the Mageo family.

------------------------

*Honorable Samuel P. King, United States District Court Judge, District of Hawaii, sitting by designation of the Secretary of the Department of the Interior.
**Honorable Phillip C. Wilkins, United States District Court Judge, Northern District of California, sitting by designation of the Secretary of the Department of the Interior.